Rose Spaziano *vs.* John Raponi *et al.*

Same *vs.* Vincent Raponi.

JUNE 20, 1940.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Flynn, C. J. These are two cases of trespass on the case to recover for personal injuries sustained as a result of the alleged negligence of the defendants. After a jury in the superior court returned verdicts for the defendants, the trial justice heard and granted the motions of the plaintiff for a new trial in each case. Both cases are before us upon the

defendants' exceptions to such decisions and to other rulings during the trial.

Since all the exceptions that are not briefed or argued are deemed to have been waived, we shall consider only the defendants' exceptions relied on, *viz.*, to the decisions granting plaintiff's motions for new trials. In the circumstances, we shall hereafter treat the two actions as one case with a single defendant, since the evidence and liability as to each defendant are the same.

The case involves a collision between two automobiles at the intersection of Metacom avenue and Child street in the town of Warren, about 11 o'clock, p.m., on February 22, 1938. Metacom avenue runs north and south and Child street runs east and west. These streets intersect each other at substantially right angles and traffic at that point is controlled by an overhead traffic light. The road was slippery as it had been snowing. Whether it was snowing at the particular time is not clear. Both automobiles were properly lighted and the traffic light was operating.

It appeared in evidence that the plaintiff was riding on the front seat of an automobile operated by her husband, Adolfo Spaziano. He was driving in a southerly direction on his right-hand or westerly side of Metacom avenue, intending to continue in that direction through the intersection at Child street. When he reached that intersection, he came to a full stop because the traffic light was red as to traffic on Metacom avenue. He remained there for a short period waiting for the light to change.

The defendant Vincent Raponi was driving an automobile, which was registered to himself and his father, John Raponi, in a northerly direction on his own right-hand or easterly side of Metacom avenue and was intending to turn at the intersection to his left, that is, in a westerly direction, into Child street. When his automobile was a short dis-

tance southerly from the intersection and traveling at a moderate rate of speed, the traffic light changed to green, thereby signalling traffic to move on Metacom avenue. When the light so changed the Spaziano car started southerly, and the defendant continued northerly without stopping, and both entered the intersection. The defendant then turned his car to his left in order to enter Child street and the collision took place.

What happened immediately preceding the collision is the subject of considerable conflicting testimony. The plaintiff testified that the defendant, without signal or warning, cut sharply to his left on the *southerly* side of the intersection of the center lines of the two streets, directly in front of the path of her husband's automobile; and that the collision took place in the southwesterly quarter of the intersection about two-thirds across Child street. On the other hand, the defendant testified that his car went to the *north* of the intersection of these center lines before making a long left-hand turn into Child street and that the collision took place in the northwesterly quarter of the intersection. Such a turn was necessary, he testified, because a truck was stopped on Child street at the southwest corner of the intersection.

The evidence as to the position of the automobiles immediately following the collision is conflicting. It is clear, however, that the defendant, in any event, gave no signal or warning of any kind while approaching the intersection or just before attempting a left turn into Child street. The Spaziano automobile showed damage to a "winter front" and the left front fender. The right front fender of the defendant's automobile was pushed against the right front tire which was blown out, and the bumper was also damaged.

In the existing circumstances the trial justice properly presented to the jury for determination the questions of

both the plaintiff's due care as a passenger in her husband's automobile and the defendant's alleged negligence. No exception to this charge was taken and therefore it became the law of the case. We have frequently pointed out that, in deciding a motion for a new trial, the trial justice is called upon to exercise his independent and more experienced judgment, in passing upon the credibility of the witnesses and the weight of the evidence, in order to determine whether the verdict responds to the true merits of the controversy and does substantial justice. *McMahon* v. *The Rhode Island Co.*, 32 R. I. 237; *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180; *Anderson* v. *Johnson*, 59 R. I. 241; *Loughran* v. *McKenna*, 60 R. I. 453.

Where the evidence is conflicting and the trial justice performs his duty under the law, this court will not ordinarily disturb the decision of the trial justice on such a motion unless it is clearly wrong. In the instant case the defendant recognizes the existence and force of this well-known rule but contends that the trial justice, in weighing the evidence, was clearly in error in misconceiving or in disregarding the weight of the testimony of a truck driver, who testified that he had stopped his truck on Child street at the southwest corner as the traffic signal was changing from caution to red against traffic on that street; and that he was there before the accident happened.

We are of the opinion that this contention upon which the defendant chiefly relies is without merit. The trial justice in his decision mentioned this truck driver by name; referred to part of his testimony in general terms, and contrasted a material part of it with that of a girl witness who had been on the front seat of his truck and whose testimony, he said, "made a very favorable impression upon the Court". Clearly he did not overlook the truck driver's testimony; and he expressed, at least inferentially, some doubt about part of its credibility.

There was also a conflict between other parts of this driver's testimony and that of certain witnesses which was not specifically mentioned but which apparently decreased the weight which the trial justice gave to the evidence for the defendant. Upon our consideration of all the evidence, without the advantage of seeing and hearing the witnesses, and giving due weight under the rule to the trial justice's decision, we cannot say that it was clearly wrong.

The defendant also argues that it was the duty of the plaintiff as a passenger to exercise due care for her own safety, independent of that of the driver, citing *Hermann* v. *Rhode Island Co.*, 36 R. I. 447; and that the evidence clearly showed her guilty of contributory negligence. We have examined the evidence on this point in view of the pertinent law and we cannot say that the trial justice's decision thereon was clearly wrong.

For the reasons stated, all of the exceptions of the defendants are overruled and each case is remitted to the superior court for a new trial.

*Walter H. Strauss,* for plaintiffs.

*William H. McSoley, William H. McSoley, Jr.,* for defendants.