ROBERT HAMILT *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

MILTON W. HAMILT *vs.* SAME.

APRIL 14, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. . These are two actions of trespass on the case for negligence which were heard together in the superior court before a justice thereof sitting with a jury. At the conclusion of the evidence the trial justice denied defendant's motion for the direction of a verdict in its favor in each case, and to these rulings defendant duly excepted. The jury returned a verdict for the plaintiff Robert Hamilt in the sum of $950 and a verdict for the plaintiff Milton W. Hamilt for $1250. Thereafter the defendant's motion for a new trial in each case was granted and each plaintiff duly excepted thereto. Each case is before us on the defendant's exception to the refusal of the court to direct a verdict in its favor and on the plaintiff's exception to the granting of a new trial.

The evidence discloses that at about 7 o'clock in the morning of February 18, 1947, the plaintiff Milton W. Hamilt, who lived in Boston, Massachusetts, was driving a 1941 Chevrolet sedan on Summit street, a public highway in the city of Pawtucket; that he was proceeding in a southerly direction toward the intersection of Summit street and Division street, another public highway; and that the automobile and a bus owned by the defendant came into collision near the middle of this intersection. Summit street runs generally north and south and Division street runs east and west. The plaintiff Milton W. Hamilt was a traveling salesman, employed at the time by his father Robert Hamilt, the plaintiff in the other case, and the automobile which he was driving was owned by his father, who was not present at the time of the collision. Robert Hamilt sued for damage to the automobile while Milton W. Hamilt sued for personal injuries, loss of wages and

medical expenses. Since the issues and the evidence were the same in both cases we shall hereinafter treat Milton W. Hamilt as the sole plaintiff, our decision, however, applying with equal force to both cases.

The plaintiff testified that as he approached the intersection of Summit and Division streets he was traveling at a speed of 20 to 25 miles per hour; that there was little traffic, visibility was good and weather conditions were excellent; that as he came close to the intersection he slowed down to "15 to 20 miles" per hour, looked to the left and saw nothing; that the corner on the left was obstructed by a building so that a person on the main road could not see anything on Division street until he reached a point close to the corner; that he next looked to the right, where he had an unobstructed view some distance down Division street; that he proceeded along Summit street and had reached a point about one third to one half of the way across the intersection when suddenly the bus "bored down" upon him from his left, the front thereof striking the left side of the automobile broadside; and that he saw the bus "Just a fraction of a second before the accident." He presented no direct testimony as to whether the bus stopped at the stop sign before entering the intersection.

The defendant presented the bus driver and two passengers as witnesses to prove that the bus stopped on Division street before it entered the intersection; that as the bus started to cross Summit street the plaintiff's car was about 100 to 150 feet up Summit street; and that the plaintiff did not reduce his speed but continued on his course until the moment of the collision. Both passengers were looking out of the windows as the bus entered the intersection and their testimony corroborated that of the bus driver. One of the passengers testified that the plaintiff was traveling about 30 miles per hour and the other that he was driving at a very fast speed which was not reduced as he approached the intersection.

From an examination of all the evidence, which we have

summarized only briefly, we cannot say that the plaintiff was guilty of contributory negligence as a matter of law as defendant contends. The evidence as to his speed and exercise of care was decidedly conflicting and upon those issues, as well as the question of the negligence of the defendant's operator, the case was properly submitted to the jury. We find no merit in the defendant's exception to the refusal of the court to direct a verdict as requested.

In granting the defendant's motion for a new trial the trial justice carefully analyzed the testimony and expressed the opinion that the verdict did not do substantial justice between the parties. He passed upon the credibility of key witnesses on each side and stated that in his independent judgment a new trial should be granted to the defendant because the preponderance of the evidence was against the plaintiff.

From a careful examination of the transcript we cannot say that the trial justice either overlooked or misconceived any material evidence. It is clear that he applied the correct rule of law in passing upon defendant's motion for a new trial. In these circumstances his decision is entitled to great weight, and since we cannot say that such decision is clearly wrong we cannot disturb it.

The exceptions of the plaintiff and the defendant in each case are overruled, and each case is remitted to the superior court for a new trial.

*Adler, Flint & Zucker, Martin M. Zucker, William M. Mackenzie,* for plaintiffs.

*Earl A. Sweeney, Frank J. McGee,* for defendant.