GEORGE HEVEY *vs.* EDWIN VIEIRA.

MARCH 28, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J.   This is an action of trespass on the case for negligence.   At the conclusion of the evidence in the superior court the trial justice granted the defendant's motion for a directed verdict and denied a like motion by the plaintiff.   The case is here on the plaintiff's exceptions to such rulings.

The cause of action arose out of a collision of plaintiff's motorcycle with defendant's automobile at the intersection of Waterman avenue and John street in the town of East Providence.   Waterman avenue is a main thoroughfare running generally east and west.   It is crossed by John street

which runs generally north and south. On that street there is a stop sign which defendant admitted was legally placed there in accordance with the provisions of public laws 1950, chapter 2595, as amended by P. L. 1952, chap. 2937. It is therein provided by article XXVIII, sec. 3, as follows:

> *"Vehicle entering through highway or stop intersection.*—(a) The driver of a vehicle shall stop at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway, or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway."

The collision occurred in the late afternoon of June 17, 1954 while plaintiff was driving westerly on Waterman avenue and defendant was driving northerly on John street. When defendant reached Waterman avenue the eastbound traffic lane was crowded with a long line of automobiles which were stopped by a red traffic signal at "Six Corners" immediately east of John street. There was, however, an opening in such line at that street sufficient to permit defendant to proceed into the intersection with Waterman avenue. He testified that he stopped at the stop sign and then drove his automobile through the opening into Waterman avenue about to the center line thereof or slightly beyond it. At that point his car was struck on its right rear side by plaintiff's motorcycle which was westbound toward Providence. Although the eastbound traffic on Waterman avenue was stopped it appears that the westbound traffic was moving.

The evidence as to how the accident happened is substantially as follows. The defendant testified that after he stopped at the stop sign he started again and drove through the opening in the line of stopped cars. He testified further that "as I got in the middle of the street I looked down

about 90 feet, 100, a couple of houses, and I saw nothing coming and I continued on again. As I was approaching the final third of that street I heard these shrieks of a brake and I turned and it was the motorcycle coming up against my car on the right rear side." He also testified that plaintiff was speeding. He claimed his own speed at the intersection was not more than 10 miles per hour.

The plaintiff testified that he was driving about 20 miles per hour; that he was headed toward Providence; that traffic was light in that direction but heavy in the opposite direction; that as he approached John street a long line of eastbound traffic was stopped by the red light at "Six Corners" but westbound traffic was moving; and that as he reached John street defendant's car suddenly "appeared out from between two cars" in that line and "pulled right out in front of me, shot right in front of me * * *." He testified further that he first noticed the front of defendant's car when he was 15 or 20 feet away and could not avoid hitting it; and he gave the following reason: "As I say, as I was coming down the street I didn't see anything until the car shot right out between them two cars."

The plaintiff called two witnesses, James and Edward Souza, who were seated in one of the cars stopped in the eastbound line of traffic near John street. James testified that he was driving his car on Waterman avenue toward "Six Corners"; that a friend, Edward Souza, no relation, was sitting on the front seat beside him; that his car was stopped about two car lengths, 25 feet, east of John street; that his attention was called to plaintiff as he approached on his motorcycle; that he looked back at him as he passed and observed defendant's car pull out, without stopping, from between two cars in the line and proceed across Waterman avenue to about its center where he stopped and his car was struck by the motorcycle. He testified that plaintiff was going about 20 to 25 miles per hour.

Edward Souza testified that he told James to "Look at

the bike" as plaintiff's motorcycle approached; that he too looked back to watch it as it passed them; that he saw defendant's car pull out from between the cars stopped in line; that the defendant came out without stopping; that he did not look to see if any cars were coming but just pulled out and kept going at 10 to 14 miles per hour; that he looked and stopped only after he heard the screeching of plaintiff's brakes; and that his car was then in the middle of the road.

On defendant's motion for a directed verdict the foregoing testimony must be viewed most favorably to plaintiff and the credibility of his witnesses must be accepted. Where there is a conflict in the evidence it must be resolved against the mover of the motion. In other words on such a motion the trial justice is precluded from weighing the testimony or passing on the comparative credibility of the witnesses. This is a well-settled rule in this jurisdiction.

In the case at bar we think it has not been correctly applied in all its aspects to the evidence. Just before rendering his decision from the bench the trial justice engaged in a colloquy with plaintiff's counsel. In the course thereof he made certain observations concerning the evidence and the credibility of plaintiff's witnesses which, in our opinion, show that his decision was the result of weighing the evidence and passing adversely upon the credibility of such witnesses. In other words he failed to view all the evidence most favorably to plaintiff. For example, he rejected plaintiff's testimony that defendant's car "shot out" into Waterman avenue. When plaintiff's counsel argued that such testimony tended to show defendant did not exercise due care in driving his car into the intersection the trial justice interrupted and said: "Just a minute. That word was heard before, shot out, but the testimony and the cross-examination was and supported by the defendant and all other witnesses to the effect he was going 10 or 12 miles an hour. Unless you can construe 10 or 12 miles an hour to

mean shot out, then that part of your statement would appear wrong in the eyes of the court."

The trial justice assumed that defendant looked before he drove out from between the cars stopped in line, although Edward Souza testified that he did not look at that time. His testimony in contradiction of defendant did not appeal to the trial justice, because he deemed Souza unworthy of credence. In rejecting such testimony he made this observation concerning the witness: "He claimed he was in a two-door Ford sedan, claimed there were two cars behind him at the time. Yet he claims that from the right-hand seat of that car despite the fact there were two cars behind him, he could see the third car behind him and all its movements and see the man's expression on his face or eyes and the direction he turned. Now speaking of unlikely stories that is absolutely unlikely. You have to admit that." Such a view of the witness and his testimony would be proper on a motion for a new trial but it was an invasion of the jury's province in passing on defendant's motion for a directed verdict.

From our examination of the transcript we are of the opinion that the evidence when viewed most favorably to plaintiff does not show that defendant exercised due care as a matter of law in driving his car into the intersection. Whether he emerged from between the two cars carefully and proceeded with caution across the intersection, looking for traffic approaching on his right, and giving due weight to the fact that Waterman avenue was a through way on which he was bound to yield the right of way, were questions of fact for the jury and not of law for the court.

This brings us to the question whether in view of all the circumstances plaintiff was negligent as a matter of law in proceeding along Waterman avenue in the manner in which he did. It appears from the evidence, if we believe plaintiff and his witnesses, and we must believe them on this motion, that he was proceeding at a lawful rate of

speed as he approached John street and that when he was within 15 or 20 feet defendant's car suddenly emerged from between the two cars and appeared in front of him, at which time he immediately applied his brakes.

The trial justice gives us no help on what constitutes contributory negligence as a matter of law. All that he says is: "I believe the plaintiff himself, had he been exercising due care and caution would have seen the front end of the car coming out first and would have been able to stop or to turn into the side street if he had been exercising due care and caution at the time." This view may be all very well as a result of weighing the evidence and determining whether plaintiff's conduct was reasonable and proper in the light of all the circumstances, but it does not explain a finding of contributory negligence as a matter of law.

Whether a person was in the exercise of due care at the time of an accident is usually a question for the jury and not for the court. Indeed as this court has many times observed, negligence is rarely a question of law unless the standard of duty is fixed and the negligent acts or omissions are clearly defined and palpable. *Harley* v. *Big Ben Market Co.*, 80 R. I. 502. This is especially true in the case of an accident involving a collision between two motor vehicles at intersecting streets. There are so many variant factors that may enter into the determination of the question of due care in such cases that it is seldom the question presents itself clearly as one of law. We think, therefore, that the trial justice erred in granting defendant's motion for a directed verdict.

The plaintiff's exception to the denial of his motion does not require any lengthy discussion. For substantially the same reason that prompted us to conclude that it was erroneous to grant defendant's motion, we hold that the trial justice did not err in denying plaintiff's motion. In so holding we are not unaware of the fact that the case at

bar involves the relative duties under the provisions of P. L. 1950, chap. 2595, as amended, of an operator of a motor vehicle on a so-called boulevard and an operator of another such vehicle on an intersecting stop street. Our cases of *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, 455, and *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215, which spell out in some detail the relative rights and duties of motor vehicle operators at intersections did not involve that statute. The plaintiff and defendant both cited those cases in support of their motions, but the views expressed therein are not, in our opinion, inconsistent with the view that we take of the evidence here which requires a submission of this case to the jury. It is not necessary, in considering the instant motions on the record here, for this court to determine what effect, if any, such statute may have to vary the relative rights and duties of operators of motor vehicles at boulevard intersections, although it may become necessary for the trial justice to do so when he is instructing the jury at the new trial hereinafter ordered.

In the argument before us and in his brief defendant contends that there was no proof of a legal stop sign on John street. We have considered such contention, but in view of the defendant's express admission, which appears on page 111 of the transcript, it is clearly without merit. Such admission is as follows: "Mr. Quattrocchi: I understand there will be no question, Mr. Flannery, a stop sign was legally placed there in accordance with the statutes of Rhode Island. Mr. Flannery: Yes, right."

The plaintiff's exception to the denial of his motion for a directed verdict is overruled, his exception to the granting of defendant's motion for a directed verdict is sustained, and the case is remitted to the superior court for a new trial.

*John Quattrocchi, Jr.*, for plaintiff.

*James E. Flannery*, for defendant.