ANTHONY V. SALCONE *vs.* ROBERT BOTTOMLEY.

MARCH 8, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an action of trespass on the case for negligence, which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. The defendant duly excepted to such decision and has brought the case here solely on that exception.

He contends in support thereof, first, that the decision is against the weight of the evidence on the issue of plaintiff's freedom from contributory negligence; and secondly, that the trial justice erred on the question of defendant's negligence in that he placed undue weight on the evidence tending to show that defendant violated a provision of the motor vehicle code, public laws 1950, chapter 2595, article XXVII, sec. 3. We shall consider those points in that order, but before doing so we shall summarize the evidence briefly.

The case involves a collision between two automobiles on Franklin street in the town of Bristol. That street is seventeen feet wide, runs east and west, and is restricted to one-way traffic going east. The collision occurred at noon on August 7, 1953. At that time plaintiff was operating his automobile along the street at a speed of twenty to twenty-five miles per hour when defendant's car, which had been parked in a line of cars on the right side of the street, pulled out and came in contact with plaintiff's automobile. How the cars happened to collide is described differently by each party. They were the only witnesses who testified on that phase of the case. Thus in deciding the issue of liability the trial justice was forced to choose between them as to whose testimony was the more credible.

The plaintiff testified that as he was driving along the street he saw defendant's car pull "right out" from a line of cars parked on the right side when he, plaintiff, was only

fifteen feet away; that he put on his brakes and blew his horn; that he turned his car as far as possible toward a fence on the left side of the street; and that the front wheel, fender, and bumper of defendant's automobile came in contact with his, plaintiff's, car. He further testified that immediately after the accident defendant said he would pay for plaintiff's damages.

The defendant testified that before he pulled out he looked to his rear and saw plaintiff's car stopped about 250 feet down the street; that he never saw the car in motion; that he did not see it again until the collision occurred; and that he was a good half way out or probably better at the time of the impact. He admitted that he conversed with plaintiff immediately after the collision and that plaintiff asked who was going to pay his damages. The defendant further testified that he in turn asked plaintiff if he had insurance, but he did not specifically deny that he had told plaintiff that he, defendant, would pay plaintiff's damages.

It is apparent from the above testimony that there was a sharp conflict on the issue of whether each driver exercised due care in the circumstances. If plaintiff's version is accepted he was proceeding at a reasonable rate of speed when he was suddenly confronted with defendant's car pulling out into the highway. On the other hand if defendant's testimony is credited his car was more than half way out in the travel-free portion of the street when he was hit. Hence if plaintiff had been exercising due care he should have seen defendant's car in ample time to avoid an accident, especially since he was 250 feet away when defendant started to pull out.

In a case where the evidence is so sharply conflicting and comes exclusively from the testimony of the parties, the findings of fact by the trial justice are entitled to great weight on review in this court. *Lawrence* v. *Andrews*, 84 R. I. 133, 122 A.2d 132. When such findings are made by a trial justice sitting without a jury they will not be dis-

turbed unless his decision is clearly wrong. *Rivard* v. *Plante*, 80 R. I. 312. In the case at bar the trial justice apparently accepted plaintiff's version of the accident. He expressly found that plaintiff was in the exercise of due care and that defendant was negligent in pulling out from the parking space, as the trial justice phrased it, "without any warning."

From our examination of the transcript it was impossible for us to determine which was the more credible witness. In the performance of that duty the trial justice was in a more advantageous position than this court, since he had the opportunity, which we do not have, of seeing the witnesses as they testified. Therefore we cannot say that he was clearly wrong in rejecting the testimony of defendant and relying on that of plaintiff. Nor can we say that he was clearly wrong in concluding from such testimony that plaintiff was exercising due care when "without any warning" he was confronted with defendant's car pulling out into the street. Therefore, we cannot agree with defendant's first contention.

However, under his second contention he argues that the trial justice committed an error of law in applying P. L. 1950, chap. 2595, art. XXVII, sec. 3, to the evidence on the issue of defendant's negligence in that he appears to have assumed that a violation of such section was negligence *per se*. We do not agree with that characterization. There is no question that the violation of a statute or an ordinance is not negligence *per se* but is to be used by the trier of the facts merely as an aid in determining that issue on consideration of all the evidence. *Audette* v. *New England Transportation Co.*, 71 R. I. 420.

In our opinion the trial justice did not misconceive this rule. It is true that in discussing the evidence as to how defendant pulled out from the parking space into the street he quoted the following provision of sec. 3: *"Starting parked vehicle.*—No person shall start a vehicle which is stopped,

standing, or parked unless and until such movement can be made with reasonable safety." But he did not say that defendant's failure to observe that provision was of itself negligence. We infer from his reference to the statute at that place in his decision that he was calling it to his aid in determining whether on all the evidence, including such violation, defendant had exercised due care in the manner in which he pulled out into the street. On this view of the trial justice's decision defendant's second contention is clearly lacking in merit.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Albert Lisker, Milton Bernstein,* for plaintiff.

*Halpert & Beaver, Kenneth M. Beaver,* for defendant.