■ In the Matter of the Claim of BERTHA NIERENBERG, Appellant, against CLOVER LEAF PAINT & VARNISH COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from the decision of the Workmen's Compensation Board that the alleged accident of July 23, 1956, was not the cause of the death of the decedent and therefore not compensable. The decedent had worked for the employer for many years and while in the course of his employment on June 2, 1952, suffered an accident which was diagnosed as a myocardial infarction and for which he was compensated. After a relatively short time he returned to work, doing substantially the same type of work as prior to the accident and continued in such capacity until he completed his duties on July 23, 1956. On that date while riding to his home with a fellow employee, he suffered some further heart disorder which resulted in his death in approximately an hour. There was no autopsy. The record demonstrates by exhibits and medical testimony that the decedent continued under the care of his family physician, Dr. Maynard B. Badanes, through the period of the original injury to the date of his death. The doctor noticed a definite change in his heart action in January or February of 1956. He testified decedent suffered from "one illness right along" and that "you cannot separate the symptomology that he had right along". He further stated that the work decedent continued to do aggravated his previous myocardial infarction. Dr. Alexander Altschul never examined the decedent during his lifetime but based upon a hypothetical question he stated that death was causally related to the first accident. The carrier produced Dr. Eugene Clark who likewise had never seen the decedent during his lifetime. Based upon a hypothetical question he stated that the original accident did not hasten death, that his death was caused from a new infarction and that he was the "victim of spontaneously progressive coronary arteriosclerosis and that the termination of his life was due to the diminution in the efficiency of coronary flow due to intrinsic disease processes within those vessels to which the accident of June 2, 1952 did not contribute." Also testifying for the carrier was Dr. Nathaniel E. Reich who testified that while he had not known or examined the decedent during his lifetime but based upon a hypothetical question, examination of the various compensation reports, electrocardiograms and the testimony of the other doctors, there was no relationship between the original accident and his death. That said death was due to the "natural progression of the unrelated and underlying atheromatous degeneration of the coronary arteries" and that in his opinion the work which decedent did following the original accident "would definitely not cause the terminal coronary attack which caused him to die within the short period of time." This case has the unusual aspect that following the first heart attack (June 2, 1952) when he returned to work he was periodically examined by his family physician (Dr. Badanes) and constantly complained of various types of chest pains. He likewise made such complaints to his fellow employees. He had examinations by the State doctors in 1953, 1954 and 1956, and although working, in each report he was given a partial disability. These doctors did not testify. Whether his death occurred as a result of an aggravation of the first accident or whether there was a second accident as claimant attempts to show in her brief was based entirely upon medical testimony which, although seriously disputed between the respective doctors, nevertheless constituted a question of fact and not of law and which the board has determined in favor of the employer. It is not the prerogative of this court to interfere with such

findings where there is substantial evidence to sustain the same as we find here. In *Matter of Gioia* v. *Courtmel Co.* (283 App. Div. 40), the court said at page 42: " Clearly this conflict of medical opinion is one of substance. Neither opinion is certain nor incredible, and to adopt one and reject the other requires entry into a field of fact with power to weigh and balance testimony, a power we do not possess in compensation cases." Decision of the Workmen's Compensation Board affirmed, without costs. Foster, P. J., Gibson, Herlihy and Reynolds, JJ. concur.