Howard C. Kenyon, *Adm'r vs.* Gertrude P. Murray.

MARCH 22, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

424

Roberts, J. This action of trespass on the case for negligence was brought under the provisions of general laws 1956, chapter 10-7, by the administrator of the estate of a deceased person to recover damages for the death of his intestate alleged to have resulted from the wrongful act of the defendant. The case was tried before a justice of the superior court sitting with a jury and upon the completion of the evidence, the defendant moved for a directed verdict. The trial justice granted this motion, and the case is here on the plaintiff's exceptions to that ruling and to certain evidentiary rulings.

The plaintiff's intestate, hereinafter referred to as the

decedent, died instantly when an automobile which she was operating in a northerly direction along route 3 in the town of Hopkinton, in this state, was in collision with an automobile that was being operated in a southerly direction along said highway by defendant on March 17, 1954, about 10:45 p.m. There is no substantial conflict in the evidence concerning the occurrence of the collision. According to the evidence it was a clear night, the road was dry, and the traffic was light. At the place where the collision occurred, route 3 is a two-lane cement highway about 18 feet in width but with a four-foot macadam shoulder on either side. At this point the highway runs generally in a northerly and southerly direction, and as it extends southerly the highway curves to the right.

According to the testimony of investigating police officers, after the impact the car that had been operated by the decedent had come to rest in the southbound lane facing to the north. The car that was operated by defendant came to rest in the northbound lane with its rear wheels at the edge of the macadam shoulder and its front wheels straddling the white line on the center of the highway. There were no observable skid marks at the scene. The testimony was uncontradicted concerning the physical condition of the automobiles after the impact. The right front end of defendant's car was demolished as was the right front end of the decedent's car.

Shortly after the accident defendant was interviewed by a state police officer at a hospital to which she had been taken. The trooper testified that she had told him in part: "As I came around the curve this other car's headlights seemed right in front of me. I seem to recall seeing banks and poles, and turned figuring to hit the bank rather than the other car, but then the accident happened. It all happened so fast. I think I turned to the right, but I can't be sure. It all happened so fast."

The defendant testified that she was unable to recall hav-

ing made any statement to a state police officer. Her testimony concerning the collision was in substance that when she first entered the curve in the highway she saw headlights about 300 feet away which appeared to be in the middle of the highway. She further testified that she flicked her headlights twice and then turned to her left to avoid the collision, which she stated occurred a split second after she had first observed the oncoming headlights.

The defendant's motion for a directed verdict was on the ground that there was no evidence from which the jury could find her negligent or that the decedent was in the exercise of due care on her own part. The decision of the trial justice was squarely on the ground that as a matter of law the decedent had not been in the exercise of due care for her own safety. He discussed the evidence in the record and said in part: "The only inference to be drawn from the testimony * * * is that at the time of the accident the decedent, Mrs. Burdick, was proceeding in the wrong lane and was, therefore, not in the exercise of due care. * * * The only single inference that the Court can draw from the uncontradicted testimony is that the decedent was not in the exercise of due care * * *." He granted defendant's motion and noted plaintiff's exception.

The question whether one was in the exercise of due care for his own safety at the time of an accident is usually a fact question for the jury. *DiCaprio* v. *Campanella & Cardi Construction Co.,* 80 R. I. 55. It is well settled that a case should not be taken from the consideration of a jury on that ground unless the only reasonable conclusion that can be drawn from all the evidence is that the plaintiff is not entitled to recover. *Hulton* v. *Phaneuf,* 85 R. I. 406. Stated conversely, the rule is that a verdict should not be directed against a party if on any reasonable view of the evidence the jury could find in his favor. *Goodwill Advertising Co.* v. *Elmwood Amusement Corp.,* 86 R. I. 6, 133 A.2d 644.

In applying this test on a motion for a directed verdict, a trial justice is not permitted to weigh the evidence or to pass upon the credibility of the witnesses. *Kent* v. *Draper Soap Co.*, 75 R. I. 30. He must view the evidence in the light most favorable to the adverse party and draw therefrom every inference favorable to that party. *Corcione* v. *Ruggieri*, 87 R. I. 182, 139 A.2d 388.

We are of the opinion that the trial justice erred in concluding that but one reasonable inference could be drawn from the evidence in the record here. A state of evidence so limited in inferential possibilities is rarely encountered in cases arising out of automobile collisions. It would be reasonable for the jury to infer from the record here that defendant had failed to completely negotiate the curve in the highway and that the collision had occurred on the side of the highway on which decedent was properly operating her car. Evidence as to the location of decedent's car on the wrong side of the highway after the impact does not, in the instant circumstances, preclude such an inference.

In our opinion the trial justice also erred in taking the case from the consideration of the jury on the ground which he set forth. He inferred from the evidence that the decedent had been operating in the "wrong lane" and from that inference concluded that as a matter of law she was not in the exercise of due care, that is, that such operation of the car constituted negligence per se. What he inferred, in effect, was that the decedent had been operating in violation of the rules of the road as declared by statute. It is well settled that such violations do not constitute negligence per se but are only items of evidence to be considered by a jury in passing upon the question of negligence. *Lanni* v. *United Wire & Supply Corp.*, 87 R. I. 121, 139 A.2d 149.

In view of our conclusion, it is unnecessary for us to consider the other exceptions.

The plaintiff's exception to the granting of the defendant's motion for a directed verdict is sustained, and the case is remitted to the superior court for a new trial.

*Edward M. Botelle,* for plaintiff.

*Gunning & LaFazia,* for defendant.