**Agnes GILLESPIE, Plaintiff,**

v.

**Madeline LAWTON, Defendant.**

**Civ. No. 9931.**

United States District Court
D. Connecticut.

Oct. 29, 1964.

Philip Baroff, Miller & Baroff, Bridgeport, Conn., for plaintiff.

Vincent F. Dooley, Cousins, Dooley & Barnston, New Haven, Conn., for defendant.

ZAMPANO, District Judge.

The plaintiff, a citizen of New York, brings this action against the defendant, a citizen of Connecticut, to recover damages for personal injuries she sustained in an accident in Rhode Island while she was a passenger in defendant's automobile. In answers to plaintiff's interrogatories defendant admits defective brakes on the automobile caused the accident.

Plaintiff moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the issue of liability. She contends defendant's admission constitutes negligence per se under the laws of Connecticut and Rhode Island.

By statute the respective states parallel in requiring motor vehicles operated on the highways be equipped with adequate brakes in good working order. Conn. Gen.Stat. § 14–80; Gen.Laws of R.I. §§ 31–23–4, 31–23–6.

A violation of the Connecticut statute constitutes negligence as a matter of law which, in the absence of factual issues on the questions of proximate cause and contributory negligence, would support a summary judgment on the issue of liability. Turner v. Scanlon, 146. Conn. 149, 148 A.2d 334 (1959); Hamill v. Smith, 25 Conn.Sup. 183, 199 A.2d 343 (1964).

However, since the locus of the tort in the instant case is Rhode Island, the Court must apply the law of that state in determining the extent and legal effect of defendant's admitted statutory violation. Rogers v. White Metal Rolling and Stamping Corp., 249 F.2d 262, 264 (2 Cir. 1957), certiorari denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 812 (1958); Bohenek v. Niedzwiecki, 142 Conn. 278, 113 A.2d 509 (1955).

The General Laws of Rhode Island, in effect at the time of the accident, provide in pertinent part:

"Section 31–23–4. Brake equipment required.

"(1) Every motor vehicle, * * * when operated upon a highway shall be equipped with brakes adequate to control the movement of

and to stop and hold such vehicle
* * *."

"Section 31-23-6. Maintenance of brakes.

"All brakes shall be maintained in good working order * * *."

Whether or not a violation of these statutes is negligence per se has never been adjudicated by the courts of Rhode Island. Under such circumstances it is incumbent upon this Court to decide the issue as if the question were presented to the courts of that state. Buhonick v. American Fidelity & Casualty Co., D.C., 190 F.Supp. 399, 401 (1960); Employers Mut. Liability Ins. Co. v. Houston Fire & Cas. Ins. Co., D.C., 194 F.Supp. 828, 832 (1961).

■ A review of analogous Rhode Island decisions reveals an approach to the concept of per se negligence antithetical to that in Connecticut. In Rossi v. Ronci, 63 R.I. 250, 7 A.D.2d 773 (1939), the court stated, at page 775, that "In this state, the ordinary rule in actions for negligence is that the violation of a statute of general application is a circumstance to be considered in connection with all the other facts and circumstances in evidence on the question of negligence." In Kenyon v. Murray, 90 R.I. 423, 159 A.2d 376 (1960), the Supreme Court of Rhode Island found error in the trial court's ruling that a violation of the rules of the road statute was negligence as a matter of law and held that such violations "do not constitute negligence per se but are only items of evidence to be considered by a jury in passing upon the question of negligence." See, also, Salcone v. Bottomley, 85 R.I. 264, 129 A.2d 635 (1957); Audette v. New England Transp., 71 R.I. 420, 46 A.2d 570 (1946); Clements v. Tashjoin, 168 A.2d 472 (R.I. 1961).

■ The Court finds a violation of the motor vehicle brakes and braking equipment statutes of Rhode Island would not be construed by the courts of that state to constitute negligence per se and, accordingly, plaintiff's motion for summary judgment is denied.