249 A.2d 87.

ANGELO D'AGOSTINO, JR. *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

JANUARY 15, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This action of trespass on the case for negligence was brought to recover damages alleged to have resulted from a collision between a motor vehicle operated

by the plaintiff and a taxicab operated by an employee of the defendant. While the action was initiated prior to the adoption of the new rules of civil procedure of the superior court, it was not tried until November 15, 1967, after the effective date of the aforesaid new rules. It was tried to a justice of the superior court sitting with a jury, and at the close of the plaintiff's testimony the defendant, without resting, moved "* * * that a verdict be directed for the defendant under rule 50 — A or that the case be dismissed without prejudice." The court thereupon stated: "* * * I'm going to grant the motion. * * * And I dismiss this with prejudice." From the judgment entered in the superior court the plaintiff has prosecuted an appeal to this court.

 The primary thrust of plaintiff's argument in this court is that the trial justice, in dismissing this action "with prejudice," was acting in excess of the authority conferred upon him under rule 50 (a). Rule 50 relates to a motion for a directed verdict, and subsection (a) thereof reads in pertinent part: "* * * When a motion for a directed verdict is made without resting at the close of the evidence offered by an opponent, the court in lieu of granting the motion may order the claim involuntarily dismissed, which dismissal shall be without prejudice."

The record discloses that defendant, by his motion, sought relief in the alternative — either a direction or a dismissal without prejudice. The response of the trial justice to the motion is not entirely clear. Obviously, under the rule he is without authority to dismiss with prejudice. The rule clearly preserves what was known as the involuntary nonsuit under our prior rules, now designated a dismissal without prejudice.[1] However, the trial justice did order that the record show that defendant's motion for

---

[1]For a statement of the test to be applied in determining whether an involuntary nonsuit, now a dismissal without prejudice, should be granted, see *Solomon v. Shepard Co.*, 61 R. I. 332, 200 Atl. 993.

a directed verdict was granted, and the jacket entry is to that effect. Consequently, we will treat the decision of the trial justice on the motion as a direction of a verdict for the defendant.

On a motion for a directed verdict the trial justice is obligated to view the evidence in a light most favorable to the adverse party and to draw therefrom all legitimate reasonable inferences of which it is susceptible free from any question as to weight or credibility. *Gleason* v. *Almac's, Inc.*, 103 R. I. 40, 234 A.2d 350. From our examination of the transcript, we are unable to conclude that the trial justice complied with this obligation in passing upon the instant motion.

In the first place, we have repeatedly directed attention to our opinion that the evidence in cases arising out of automobile collisions is rarely so limited in inferential possibilities as to require a court to find contributory negligence as a matter of law. *Calci* v. *Brown*, 95 R. I. 216, 186 A.2d 234; *Kenyon* v. *Murray*, 90 R. I. 423, 159 A.2d 376. We cannot agree that the evidence in the instant case is so barren of inferential possibilities favoring plaintiff on the question of contributory negligence as to justify direction of a verdict on that ground.

The plaintiff testified without contradiction that after he had bruoght his car to a complete stop at the intersection of Smith and Eaton Streets, he proceeded to move east along Eaton Street for a distance of some 100 to 120 feet and in so doing achieved a speed of from 15 to 20 miles an hour. At this point he entered "A few feet into" the intersection and the "nose of the car" was in the intersection at the time of the impact. The defendant's taxicab, he testified, struck the left front of his car. The plaintiff further testified that he did not see defendant's cab prior to the impact. We are persuaded that the testimony thus given by plaintiff in his own behalf, when viewed in a light most

favorable to him, is susceptible of an inference that he was in the exercise of due care on his part.

However, the court drew no such inference from the testimony of plaintiff but rather, commenting on plaintiff's admission that he did not see the cab until the impact occurred, concluded therefrom plaintiff's want of reasonable care. In our opinion, his testimony that he did not see defendant's cab until impact, when given with respect to an intersection accident, is not conclusive of plaintiff's want of due care. Rather, if anything, it creates an evidentiary situation in which reasonable men might disagree on that issue and that clearly constitutes a jury question.

Similarly, in our opinion the state of the evidence gives rise to a jury question with respect to the negligence of the defendant's operator despite the absence of testimony that the cab had failed to stop at the stop sign controlling the intersection. In this jurisdiction failure to stop at a stop sign would at most be only evidence of negligence and not conclusive of that issue. It is our opinion that in the state of the evidence here the absence of such testimony does not preclude the court from drawing a reasonable inference in favor of the plaintiff concerning the want of due care on the part of the defendant. In our opinion, the trial justice erred in granting the motion for a directed verdict in this case.

The appeal of the plaintiff is sustained, the judgment is reversed, and the cause is remanded to the superior court for a new trial.

*Pucci, Zito & Goldin, J. Ronald Fishbein,* of counsel, for plaintiff.

*McGee, Gifford & Giannini, Frank J. McGee,* of counsel, for defendant.