367 A.2d 1078.

Sabastiano Petrella *vs.* Mark A. Izzo *et al.*

JANUARY 14, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This civil action was brought in the Superior Court to recover money damages for injuries to person and property allegedly resulting from an intersection collision between an automobile owned and operated by the plaintiff and another owned by the defendant M. Izzo and operated by the defendant Mark A. Izzo.[1] The case was tried to a jury which, in response to a written interrogatory, specifically found that the defendant was not guilty of any negligence. Consonant with that finding it returned a verdict for the defendant. The plaintiff then moved for a new trial. It was granted and the defendant appealed.

The precipitating cause of the litigation occurred in the city of Providence on Sunday, February 11, 1973 at about 11:30 a.m. when plaintiff's motor vehicle, which was proceeding northerly on Courtland Street, and defendant's, which was traveling easterly on Broadway, collided in the intersection of those streets.

The parties were the only witnesses to the collision. It is not disputed that both were familiar with this intersection, that a stop sign warned northerly-bound Courtland Street traffic to come to a full stop before entering the intersection, and that the view of each into the street on which the other was traveling was obstructed by automobiles which were double parked on Broadway in front of a church located at the southwesterly corner of the intersection.

The parties are not completely in accord about other

---

[1] Throughout the proceedings in the Superior Court the two-named defendants were treated as if they were one and the same person, and we shall do likewise.

relevant details. The plaintiff claims that he came to a complete stop at the Courtland Street stop sign before entering the intersection and looked in both directions. When he thought the way clear he proceeded into the intersection where his vehicle was struck at its left front door and fender by defendant's which plaintiff said was traveling "fast."

The defendant's version was that he was traveling about 20 to 25 miles per hour in the lane closest to the center line of Broadway; that he slowed slightly as he approached the intersection; that although plaintiff's automobile was 15 to 20 feet distant when he first saw it, he was already in the intersection and it was too late to avoid a collision; and that at the point of impact the front of plaintiff's vehicle was just beyond the center line of Broadway.

After being instructed on pertinent legal matters, including the doctrine of comparative negligence and the rules of the road with regard to speed and stop signs, the jury found for defendant. The trial justice set the verdict aside and the question for us is whether he erred.

The guidelines for ruling on a motion for a new trial are found in *Barbato* v. *Epstein*, 97 R.I. 191, 196 A.2d 836 (1964). They have so frequently been repeated that they need no reiteration here. Suffice it to say that the determination of liability, while initially the jury's responsibility,[2] may be interfered with by a trial justice on a motion for a new trial, but only if, after engaging in the evidence-sifting process described in *Barbato*, he concludes that the

---

[2]This is particularly true in automobile intersection collision cases where the question of an operator's negligence is usually one for the trier of the fact and but rarely one of law. *D'Agostino* v. *Yellow Cab Co.*, 105 R.I. 28, 31, 249 A.2d 87, 89 (1969); *Hevey* v. *Viera*, 84 R.I. 59, 65, 121 A.2d 657, 661 (1956); *Hamilt* v. *United Elec. Rys.*, 75 R.I. 264, 267, 65 A.2d 449, 450 (1949); *Spaziano* v. *Raponi*, 65 R.I. 163, 165-66, 13 A.2d 810, 812 (1940).

verdict fails to respond to the merits of the controversy and to administer substantial justice.

To meet these guidelines, a trial justice need not exhaustively analyze the evidence or state all his conclusions on its weight or the witnesses' credibility. He should, however, at least sufficiently refer to what prompted his action to enable a reviewing court to ascertain whether his interference with the verdict was soundly premised or was instead based upon a misconception or oversight of material evidence or was otherwise clearly wrong. *Wood* v. *Paolino,* 112 R.I. 753, 755-56, 315 A.2d 744, 745 (1974); *Marcinko* v. *D'Antuono,* 104 R.I. 172, 185, 243 A.2d 104, 111 (1968).

The trial justice in this case did not satisfy these standards. True, he adequately summarized the material testimony, but he neglected to say what evidence he accepted and what he rejected, which witnesses he believed and which he disbelieved, or what inferences he drew and what he discarded. Nonetheless, he rejected the jury's finding and impermissibly substituted his own conclusion that "the bulk of the evidence [did not] support the jury's verdict" and that there was "at least some evidence of negligence on the part of the defendant." The only indicated basis for that rejection and substitution was his own belief that the jury gave undue weight to the existence of a stop sign on Courtland Street.[3] It seems to us, however, that plaintiff's response to the Courtland Street stop sign, while undoubtedly relevant under the comparative negligence doctrine to the degree of his negligence, was without bearing on that of defendant.

---

[3]His statement in this regard was:

"This is a case where I believe the jury gave too much weight to the presence of a stop sign, because the failure to stop or not to stop at the stop sign would not be the proximate cause of the incident because it's uncontradicted that the plaintiff could not see the defendant and the defendant could not see the plaintiff at the stop sign."

The trial justice's decision is deficient because it misconceives the legal effect that the plaintiff's failure to yield the right-of-way had on the question of whether the defendant exercised due care and also because it otherwise fails to indicate a reasonable basis for his conclusion that the defendant was negligent. A decision suffering from these deficiencies has no persuasive force, and it therefore becomes incumbent upon us to examine the record in the light most favorable to the party who prevailed before the jury and to support the verdict if that examination reveals any competent supporting evidence. *Morinville* v. *Morinville,* 116 R.I. 507, 512, 359 A.2d 48, 54 (1976); *State* v. *Contreras,* 105 R.I. 523, 531-32, 253 A.2d 612, 617-18 (1969). When we test the evidence by this standard, it is clear beyond question that the verdict for the defendant has the required support and must therefore be reinstated.

The defendant's appeal from the order granting the plaintiff a new trial is sustained, the order granting the plaintiff a new trial is reversed, and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Keenan, Rice, Dolan, Reardon & Kiernan, Leonard A. Kiernan, James A. Currier,* for plaintiff.

*Paul A. Anderson,* for defendants.