DECISION
After a jury trial in the above-entitled negligence action, the plaintiffs, Marilyn Doran and Michael Doran ("plaintiffs"), move for a new trial, pursuant to Super. R. Civ. P. 59, to which Twin Oaks, Inc. ("defendant"), objects. For the reasons set forth below, this Court denies the plaintiffs' motion for a new trial.
 Facts and Travel
On April 9, 2000, plaintiffs went to Twin Oaks, a Cranston restaurant, as they had done on a regular basis for over thirty years. Plaintiffs parked their car in the parking lot and followed a walkway to the restaurant. After dinner, plaintiffs left the interior of the restaurant and followed the walkway to their car. Mr. Doran stopped for a moment to speak with a friend, and Mrs. Doran proceeded, despite her observation that it was very dark. Moments later, Mrs. Doran's foot hit a cement tire stop, causing her to fall to the ground. As a result of this fall, Mrs. Doran suffered bodily injury.
Plaintiffs brought a negligence action for damages against the defendant. A jury trial, during which the defendant was not found negligent, followed. The plaintiffs then timely filed the within motion. After review of the evidence at trial, this Court denies the plaintiffs' motion.
 Standard of Review
It is well settled in this jurisdiction that in considering a motion for a new trial pursuant to Super R. Civ. 59, the trial justice acts as a "superjuror." Lieberman v. Bliss-Doris Realty Assocs., L.P., 819 A.2d 666, 670 (R.I. 2003). The role of the trial justice is to utilize his or her independent judgment to review the evidence and the credibility of witnesses. Filippi v. Filippi, 818 A.2d 608, 623 (R.I. 2003). If the trial justice determines that the verdict fails to do justice because it is against the fair preponderance of the evidence, then the motion for a new trial should be granted. Id. (citing Rezendes v. Beaudette,797 A.2d 474, 478 (R.I. 2002)). However, if the evidence is evenly balanced or if reasonable minds in considering the same evidence could come to different conclusions, then the jury's verdict should not be disturbed. See id. The trial justice's determination of the motion should not be altered unless he or she has overlooked material and relevant evidence or was clearly wrong. Filippi, 818 A.2d at 608.
 Review of the Evidence
The plaintiffs argue that they presented substantial evidence to the jury that the walkway on which Mrs. Doran fell was unsafe for use by the public. The plaintiffs point to evidence that the walkway was narrow, that the tire stops were not painted a bright color, and that according to the testimony of their expert, Dr. Richman, the walkway was improperly lit. In addition, the plaintiffs argue that while the credibility of Mr. and Mrs. Doran was untainted, the credibility of Mr. DeAngelus, President of Twin Oaks, Inc., was effectively challenged. Therefore, plaintiff now asserts, it was unreasonable and against the fair preponderance of the evidence for the jury to find that the defendant was not negligent. The defendant responds that there was no evidence presented that either the pathway was in a state of disrepair, or that the lights in the parking lot were not operating correctly on the night of the accident.
At trial, it was shown that for over thirty years the plaintiffs had frequented the restaurant where the accident occurred. The plaintiffs had used the walkway in question on numerous occasions without incident. There was no evidence presented, besides defendant's statement that it was very dark, to show that the premises were in disrepair or that the lights were not functioning on the night the accident occurred. Reasonable minds could have differed as to whether the plaintiff's own negligence was the sole proximate cause of her injuries.
Nevertheless, plaintiffs contend that in light of Dr. Richman's expert testimony pertaining to the inadequate lighting of the walkway, reasonable minds could find only that the defendant was negligent. Dr. Richman testified that the lighting in the walkway was 10 percent as powerful as that required by the Rhode Island State Building Code (hereinafter "State Building Code"). See Rhode Island State BuildingCode § 1024.2. While expert testimony functions to aid in the search for truth, "a jury is free to accept or reject expert testimony in whole or in part or to accord it what probative value the jury deems appropriate." Morra v. Harrop, 791 A.2d 472, 477 (R.I. 2002). In the instant case, the jury heard testimony from witnesses for both parties. The defendant presented Mr. William DeAngelus, President of Twin Oaks, Inc., who testified that all was in working order and that neither the lights in the parking lot nor the lay out of the walkway had been altered in the last thirty years. Mr. DeAngelus also stated that according to his recollection, no one had ever fallen on the walkway before. Mr. DeAngelus was, far and away, the most persuasive witness, particularly in his compelling discourse on how his business has thrived for three generations because of the attention and care paid to lighting, walkways, and the like. In the end, the jury assigned more credibility and weight to the testimony of the defendant. After reviewing the record, this Court finds that the evidence presented at trial was evenly balanced and reasonable minds could differ as to the value of the expert testimony provided by Dr. Richman.
 Jury Instruction
Additionally, plaintiffs argue that a new trial should be granted because this Court erred in failing to instruct the jury on the issue of negligence per se and denying an instruction that violation of a statute is evidence of negligence. Plaintiffs maintain that since the lighting of the subject walkway was 10 percent as luminous as that prescribed by the State Building Code, this Court should not have denied plaintiff's requested instruction regarding statutory violation. See Rhode IslandState Building Code § 1024.2.
It is well settled that violation of a statute is not negligence per se, and an instruction to the jury to the contrary would be erroneous.Kurczy v. St. Joseph Veterans Association, 820 A.2d 929, 947 (R.I. 2003) (citing Salcone v. Bottomley, 85 R.I. 264, 267, 129 A.2d 635, 637 (R.I. 1957)). The trier of facts is to consider the violation of a statute or ordinance along with all other relevant evidence. Id.
In the instant case, the plaintiffs presented evidence regarding State Building Code requirements. Plaintiffs argue that the State Building Code requirements, pursuant to R.I.G.L. 23-27.3-106.2, apply to the defendant because the restaurant was completely destroyed by fire in 1980 and rebuilt. Defendant argued that the State Building Code requirements did not apply to defendant because the restaurant was built before the State Building Code was enacted, and the State Building Code cannot be applied retroactively. See generally, Brodeur v. Desrosiers, 505 A.2d 418, 421 (R.I. 1986) ("[State Building Code] provisions were meant to apply only to buildings built or substantially altered after its enactment"). Furthermore, the defendant challenged the credibility of this evidence by arguing that plaintiffs measured the lighting five feet from where the actual fall occurred, and measurements showed that the illumination in other areas of the parking lot complied with current codes.
In 2000, at the time of Mrs. Doran's fall, R.I.G.L. 23-27.3-106.2 read in pertinent part:
 "If the building is damaged by fire or any other cause to an extent in excess of fifty percent (50%) of the physical value of the building before the damage was incurred, this code's requirements for new structures shall apply."
Plaintiffs contend that according to R.I.G.L. 23-27.3-106.2, structures that existed before the State Building Code was enacted in 1977, and which were previously exempt from the State Building Code's provisions, were forced to comply if they were damaged and rebuilt. Plaintiffs have provided no evidence that the exterior lighting system in defendant's parking lot has been destroyed or altered since the restaurant opened over thirty years ago. Plaintiffs have also failed to establish that when a building is destroyed and rebuilt, the exterior lighting, which pre-exists the State Building Code and has remained unchanged for over thirty years, must also be replaced to meet the standards of the State Building Code.
Plaintiffs argue, in the alternative, that the Rhode Island Supreme Court distinguished lighting violations from structural violations of the State Building Code. Rodriguez v. Kennedy, 706 A.2d 922 (R.I 1998). Plaintiffs rely on Rodriguez to show that lighting requirements apply to buildings that are otherwise exempt from State Building Code requirements. Therefore, plaintiffs argue, even if the structural aspects of the restaurant were exempt, the lighting in the parking lot was subject to State Building Code requirements.
Plaintiffs' reliance on Rodriguez for the proposition that this Court committed reversible error in denying the jury instruction is misplaced. Although the Supreme Court in Rodriguez upheld the trial court's decision to exclude evidence of State Building Code violations where the structure in question had been built before the State Building Code was enacted, it considered admitting evidence of lighting measurements taken on the premises if appropriate tests were conducted. Id. at 924. The appropriate tests were not conducted; and, the Supreme Court upheld the trial court's decision to exclude the evidence. Id. at 925. Rodriguez merely indicates that given the appropriate circumstances, proof of substandard lighting should be admitted as evidence for the trier of facts to consider. In the instant case, precise tests were not performed — the lighting measurements were taken five feet from where the fell occurred. Nevertheless, this Court admitted the lighting evidence, as well as testimony pertaining to State Building Code requirements. Accordingly, this Court finds that there was no adequate basis to instruct the jury as to defendant's violation of the State Building Code. Brodeur v.Desrosiers, 505 A.2d 418, 422 (R.I. 1986) (stating that the charge given to the jury must be applicable to the facts of the case and have a firm basis in the evidence presented).
It is well settled that an erroneous jury instruction is grounds for reversal "only if it can be shown that the jury `could have been misled' to the resultant prejudice of the complaining party." Kurczy v. St.Joseph Veterans Association, 820 A.2d 929, 944 (R.I. 2003). In the instant case, the jury was given the opportunity to consider the lighting issues involved herein, and the Plaintiffs have not shown that they were prejudiced by this Court's decision not to instruct on the issue of statutory violation. This Court finds that the instructions given were not erroneous and adequately directed the jury that its task was to determine whether the defendant was negligent and whether such negligence was the proximate cause of the plaintiff's injuries.
 Conclusion
After thorough review of the evidence, this Court finds that the verdict in favor of defendant Twin Oaks, Inc. is reasonable and supported by a fair preponderance of the evidence. This Court also finds that its decision not to instruct the jury that alleged evidence of statutory violations is evidence of negligence was not error and did not mislead the jury or prejudice the plaintiffs. The evidence presented to the jury was that about which reasonable minds could differ. Accordingly, the plaintiffs' motion for a new trial must be and is denied.