268 A.2d 285.
ELLIOTT R. GOODMAN *et al. vs.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD. *et al.*

JULY 27, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from the granting by the trial justice of a motion for a new trial in a civil action arising out of an automobile accident on a public highway in this state.

The ultimate facts, bearing on the issue in the instant appeal, are not in dispute. They establish that on November 14, 1965, plaintiff, Elliot R. Goodman, was driving his car in a southerly direction on South Bend Street in the city of Pawtucket at a speed of about 20 miles per hour. With him in the car were his wife, plaintiff Norma Goodman, who was seated in the right front seat, and his children, plaintiffs Laura Goodman and Roger Goodman, who were occupying the back seat. The Goodman car was on the extreme right-hand side of the street which is approximately 26 feet wide.

The vehicle being operated by defendant, Robert Winward, was proceeding along the same street in the opposite direction. As the vehicles approached, the Winward car veered across the highway, colliding with the car in which all plaintiffs were riding. Winward testified that as he approached the Goodman car he experienced a breaking sound, a thud, which he thought was a flat tire. His steering wheel, which he could not control made a complete turn to the left, he applied his brakes which did not help and his car veered into the Goodman car. After the collision, Winward looked under his vehicle and noticed that the tie rod which controlled the steering was broken and lying on the pavement. He further testified that he had no warning of a possible defect in his steering mechanism prior to the accident. Winward, at the time of the accident, did not have any insurance for his car.

It further appears that the automobile driven by Winward had been purchased by him about five weeks prior to the accident from Irving and William Gabrilowitz, d/b/a Acme Motor Sales (Acme). Winward testified that when he first saw the car at Acme it did not have an inspection sticker on it, but when he returned the following day there was a sticker on the automobile. The defendant Irving Gabrilowitz testified that he had personally inspected the Winward vehicle in May of 1965, in accordance with the state motor vehicle inspection law and that he was licensed by the state to make such inspection. He stated that this inspection included a check of the steering system and that he found no defects in the steering mechanism. After the inspection in May, he placed a sticker on the front windshield of the car to show that it had passed the inspection. He further testified, from his experience as an automobile mechanic, that a broken tie rod could be caused by wear, loosening of the clamps or merely breaking as a result of a structural defect in the metal. Either of the first two

causes would probably be noted by the driver because of the gradual loosening of the steering. When he inspected the vehicle he insisted there was no indication of any malfunction in the steering mechanism, but it would be impossible to tell if there had been an undiscoverable structural defect which would cause the rod to snap.

The posture of the case at the time of the trial consisted of actions by plaintiffs Elliot, Norma and Laura Goodman against The Employers' Liability Assurance Corporation, Ltd., (Employers) the Goodmans' insurers, under the uninsured motorists' provision of the Goodmans' policy; against Acme; and against Robert Winward as operator. There were also cross-claims by Employers against Winward and Acme.

The actions were tried to a Superior Court justice sitting with a jury. Only those of the Goodmans against Acme and against Winward were submitted to the jury which returned a verdict for defendant Acme but were unable to reach verdicts in plaintiffs' cases against the operator Winward. The plaintiffs then moved for a new trial in their actions against Acme, and after a hearing thereon, said motion for a new trial was granted. It is from the granting of this motion that defendant Acme has appealed.

The duty of the trial justice in ruling on a motion for a new trial is firmly established. He must consider, in the exercise of his independent judgment, all of the material evidence in the case in light of his charge to the jury and pass on its weight and the credibility of the witnesses. Doing this, he must then determine whether evidence, thus considered, is such that reasonable minds might differ, in which case he should sustain the jury's verdict. If his independent judgment tells him that the verdict is wrong because it fails to truly respond to the merits of the case and to administer substantial justice and is against the fair preponderance of the evidence, he should set aside the

jury's verdict and order a new trial. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836; *Russo* v. *Odell,* 105 R. I. 349, 252 A.2d 135. It is axiomatic that if his findings on the new trial motion are made in accordance with the *Barbato* rule, such findings carry great weight and will not be disturbed by this court unless clearly wrong in that they are based on a misconception or overlooking of material evidence on a controlling issue. *Labbe* v. *Hill Bros., Inc.,* 97 R. I. 269, 197 A.2d 305. However, if the decision is faulty for the reason that the trial justice failed to independently review the evidence and credibility of the witnesses or having met this burden, the trial justice is to be otherwise faulted, it becomes the duty of this court to independently review the evidence. *Rachiele* v. *McGovern,* 107 R. I. 241, 266 A.2d 36.

The instant appeal does not seriously charge that the trial justice failed to exercise his independent judgment. Rather, they turn on the proposition that, in exercising his independent judgment, the trial justice failed to follow the law in accordance with his instructions to the jury. The relevant instruction is as follows:

> "* * * on the question of liability, first determine whether or not the Defendant or Defendants are liable in accordance with these instructions. Do not compromise liability with damages. First determine whether Mr. Winward is or is not liable in accordance with these instructions, or second, whether or not the Acme Motor Sales are or are not liable in accordance with these instructions. You may find for the Plaintiff against both Defendants, you may find for the Plaintiff against only one of the Defendants, you may find for both Defendants, depending upon the facts as you find them."

In granting plaintiffs' motion for a new trial against Acme, the trial justice stated in pertinent part:

> "There is no evidence of contributory negligence on the part of the Plaintiff and it appears clearly to this

Court that the jury did not understand the Court's instructions as under the Court's instructions you either had to find Mr. Winward guilty of negligence or if they believed his explanation they had to find that the defect was due to the Acme Motors and should have brought in a verdict against Acme Motors Corporation doing business as Acme Motors."

Concluding, he added:

"They brought in a verdict for the Defendant, Acme Motors and they disagreed in reference on liability as far as the operator of the vehicle was concerned, which clearly indicates to this Court that the jury did not understand the instructions."

It is readily manifest that the trial justice misconceived the charge that he gave to the jury. They were expressly instructed that, on the question of liability, they could find for plaintiffs against either or both the operator and Acme, or against plaintiffs as to both defendants. Their verdict discharging Acme of liability, apart from the view they took of the evidence as it related to the operator, was consistent with the instructions they received, assuming, of course, that this result is supported by the evidence.

The decision of the trial justice lacking persuasiveness for the reason that his conclusion is predicated on a misconception of the instructions given to the jury, it becomes incumbent on us to determine whether the evidence strongly preponderates against the verdict in favor of Acme. *Rachiele* v. *McGovern, supra.*

As heretofore noted, one of the Gabrilowitz brothers, d/b/a Acme, testified that, as a licensed inspector, he had carefully inspected the car sold to Winward; that he was an experienced automobile mechanic, and that his inspection had revealed no discoverable defect in the steering apparatus which could have existed at the time of the sale. This testimony, which the jury had a right to believe, warranted their verdict in favor of Acme and left them with the question of whether the veering of the Winward

car was the result of Winward's negligent operation or an undiscoverable structural defect. That they were unable to resolve this question and reached no verdicts in plaintiffs' cases against the operator Winward, is without significance when considered vis-à-vis their verdict for Acme.

Since from our independent examination of the record we are unable to find that the evidence strongly preponderates against the verdict in favor of Acme, it follows that this verdict should not be disturbed.

The defendant's appeal is sustained, and the case is remitted to the Superior Court for final entry of the jury's verdict.

*Joseph A. Capineri,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.,* for defendant.