374 A.2d 784.

MICHAEL JOHN TOMASSO *p.a. et al. vs.*

JOHN DeMELLO *et al.*

JUNE 21, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action to recover damages for personal injuries and medical expenses allegedly due to the negligent operation of an automobile. The plaintiff, Anthony Tomasso, brought suit on his own behalf and in his capacity as "next friend" of his son, Michael John Tomasso. The operator of the automobile, John DeMello, was named as a defendant, as was the owner of the automobile, Cyr Cote. After a trial in Superior Court, the jury returned a verdict for the defendants. The Superior Court, justice granted the plaintiffs' motion for a new trial, and the defendants now appeal.

This case involves an accident between an automobile and a motorcycle which occurred on the night of July 27, 1971, Michael John Tomasso (Tomasso) was driving his motorcycle on Tiogue Avenue. DeMello was driving an automobile in the opposite direction on the same street. The collision occurred at an intersection where DeMello was attempting to make a left turn across the path of the oncoming motorcycle. Following the accident the motorcycle was wedged underneath the car.

At the trial, extensive testimony was given by both parties as to the circumstances surrounding the accident. According to DeMello, he approached the intersection at about 5 miles per hour in preparation for making a left turn. He testified that he saw an automobile approaching from the opposite direction, followed at a distance of two car lengths by a motorcycle. He stated that while waiting for the car to pass him he slowed to a speed even less than 5 miles per hour, although he did not stop completely. He began his turn after the oncoming car

had gone through the intersection, at which time, he said, the motorcycle was still visible to him at a distance of about 125 feet. DeMello did not explain how the motorcycle progressed from that point to the intersection; he testified only that he was half way through his turn when the motorcycle reached the intersection. At that point, he said, the motorcycle veered somewhat to its right to avoid a direct collision and consequently came into the path of the turning car. The car then struck the motorcycle broadside. DeMello stated that he applied the brake to prevent a collision; he did not explain how it was that he could not stop in time although he was only traveling at 5 miles per hour.

Tomasso's version was quite different. He claimed that he was already in the intersection, traveling at about 20 or 25 miles per hour, when an automobile suddenly turned and struck him. He said that he saw the car prior to the collision and at that time it was proceeding straight and gave no sign of turning. He was not sure of the speed of the car, but at one point estimated it as 30 miles per hour. It was his impression that DeMello was attempting to turn in front of a car *following* the motorcycle and did not see the motorcycle until he struck it.

The jury found for defendants. The trial justice granted a new trial on the ground that the testimony of DeMello, the primary witness for defendants, was not credible. Before this court defendants claim that the trial justice misconceived the applicable law in granting the new trial, in that he placed the burden of proof on defendants.

The duty of a trial justice in considering a motion for a new trial is well-established. He must, in the exercise of his independent judgment, consider all of the material evidence in light of his charge to the jury and pass on its weight. He must also pass on the credibility of the witnesses. In so doing he may accept or reject any or

all of the evidence, and he may add to it by drawing proper inferences. After completing this process the trial justice may uphold the jury verdict, if the evidence which he accepts is nearly balanced, or he may set the verdict aside, if he feels that it fails to respond truly to the merits of the controversy. *Barbato* v. *Epstein,* 97 R.I. 191, 196 A.2d 836 (1964). When, in carrying out these duties, the trial justice neither overlooks any material evidence nor misconceives the law of the case, his decision will be given great weight and will not be disturbed by us. *Ionata* v. *Groise,* 107 R.I. 478, 268 A.2d 444 (1970). These rules are so well-settled as to require no further citation of authority.

After reviewing the record in this case it is our opinion that the trial justice was particularly thorough and conscientious in his review of the evidence. He referred explicitly to the standards of review set out in *Barbato,* and commented at considerable length upon the evidence. He stated that he found DeMello's version of the accident to be inherently implausible. Further, he strongly emphasized that DeMello's testimony tended to be vague and unresponsive, to the point of being evasive. He found that DeMello was "acutely lacking in intelligence or was lacking in candor," and for those reasons gave little weight to his testimony. Moreover, he concluded that even if his version of the facts was accurate, the jury verdict was not responsive to the merits of the case. After reviewing the evidence we cannot say that his conclusion was clearly wrong. By DeMello's own account, he had the motorcycle in view at all times and was traveling at less than 5 miles per hour and yet, inexplicably, still collided with it. Accordingly, we cannot fault the trial justice for his review of the evidence.

The defendants would have us find, however, that the trial justice misconceived the law of the case. This is their

sole ground of appeal, and is based on the following portion of the decision:

> "* * * the verdict finding him zero negligent did not respond to the merits of the controversy and did not administer substantial justice against a fair preponderance of this evidence. *This is a failure on the part of the defendant to show by a fair preponderance of the evidence that he was guilty of no negligence."* (Emphasis added.)

According to defendants, the quoted statement demonstrates that the trial justice improperly placed the burden of proof on defendants. For this reason defendants assert that the grant of a new trial was fatally defective. We do not agree.

It is true that the portion of the decision in question does not accurately state the law. However, from our reading of the record it is quite apparent that the trial justice was not mistaken as to who bore the burden of proof. His detailed instruction to the jury on this point was accurate. He said, in part:

> "Now, we speak of burden of proof in these cases. In this kind of a case, the law places the burden of proof on the plaintiff. This means simply that the law imposes upon the plaintiff the obligation of proving that which he asserts. He's got to prove what he claims; or, in other words, he who advances a proposition has the burden of sustaining the validity of that proposition. The defendant is under no obligation to disprove that which the plaintiff asserts or claims; rather, the plaintiff must prove that which he has asserted or that which he has claimed."

In light of the trial justice's instruction to the jury, his exhaustive review of the evidence, and his evaluation of the credibility of the witnesses, all of which were without fault, we are convinced that the portion of the decision regarding burden of proof to which defendants object was merely an inadvertent statement on the part of the trial justice.

Accordingly, since the trial justice neither overlooked any material evidence nor misconceived the law of the case, we will not disturb his decision. *Ionata* v. *Groise, supra.*

The defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Cohen & Chaika, William Y. Chaika,* for plaintiffs.

*Thomas E. F. Carroll,* for defendants.