278

387 A.2d 1040.

HELEN LACY *et al.* *v.* PEERLESS OF PROVIDENCE, INC.

JUNE 12, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J.   This is an appeal by the defendant from judgments entered in Superior Court totaling $27,300[1] after a jury verdict for the plaintiffs. The plaintiffs, husband and wife, based their claims on personal injuries sustained by Helen Lacy in the defendant's department store. As grounds for this appeal, the defendant challenges evidentiary rulings and the denial of its motion for a new trial by the trial justice.

According to the testimony of plaintiffs, on November 8, 1969, they were shopping in the Peerless store in Providence when a free-standing clothing rack fell and struck Mrs. Lacy as she reached up to examine the merchandise on it. The rack, described by Wayne Lacy as having four arms, four legs

---

[1]This sum represents the jury award of $18,200 plus interest as computed by the trial justice.

and a main post and weighing between 75 and 100 pounds, hit Mrs. Lacy's shoulder and caused her to fall to the floor. She was then assisted by Mr. Lacy and a saleswoman. This account of the accident was not rebutted by any testimony offered by the defense.

At trial, defendant objected to the admission of certain evidence but its objections were overruled. The jury found in favor of plaintiffs. Mrs. Lacy was awarded $15,000 and Mr. Lacy $3,200. Judgments were entered for plaintiffs, and defendant filed a motion for a new trial which was denied. From the judgments and the denial of the motion for a new trial defendant now appeals.

The defendant's first claim of error is that the trial justice erred in permitting the introduction of evidence on Mrs. Lacy's claim of lost earning capacity and in instructing the jury on this claim. At the start of trial, the defense moved to strike that claim on the basis that Mrs. Lacy had not raised the issue in her answers to defendant's interrogatories. The defendant argues that plaintiff's failure to amend their interrogatory answers to include the claim of loss of earning capacity should have precluded testimony on this issue at trial because of surprise to defendant.

Under Rule 33(c) of the Superior Court Rules of Civil Procedure, a party has a continuing duty to answer interrogatories when it receives information which renders prior answers imcomplete. The aims of this provision are furthered by Rule 37(d) which provides that a party who without good cause fails to amend as required by 33(c) *may* be prohibited from introducing evidence concerning any matter which ought to have been the subject of amended answers. This provision, as our emphasis indicates, is discretionary and ought not to be applied where to do so would block a consideration of a case on its underlying merits. 1 Kent, *R.I. Civ. Prac.* §33.12 at 276 (1969); *Young* v. *Coco-Cola Bottling Co.,* 109 R.I. 458, 471, 287 A.2d 345, 352 (1972), *citing* 2A Barron & Holtzoff, *Federal Practice & Procedure,* §778; *Smith* v. *DeFusco,* 107 R.I. 392, 398, 267 A.2d 725, 729 (1970). In the

instant case, the trial justice permitted testimony about Mrs. Lacy's loss of earning capacity. This ruling will not be disturbed on appeal unless it can be shown that such ruling was an improper exercise or abuse of discretion. *De Bartolo v. Di Battista*, 117 R.I. 349, 353, 367 A.2d 701, 703 (1976); *Berberian v. Travisono*, 114 R.I. 269, 273-74, 332 A.2d 121, 124 (1975).

In this case, although plaintiffs did not specifically refer to the claim of lost earning capacity, defendant did have notice that Mrs. Lacy's injury had limited her ability to secure gainful employment. This notice could be gleaned from medical reports which referred to Mrs. Lacy's employment status and from her second deposition which included reference to her special training as a dance instructor. Thus, despite the failure of plaintiffs to amend certain answers to the interrogatories, defendant knew or should have known that Mrs. Lacy had diminished earning capacity. Where, as here, the opposing party has at least constructive knowledge of the issue to be raised, no abuse of discretion by the trial justice will be found. The defendant has failed to show that an abuse of the discretion under Rules 33(c) and 37(d) occurred.

The defendant next questions the admission of testimony of Mr. Lacy concerning statements made by a woman whom he believed to be a saleswoman immediately following Mrs. Lacy's fall.[2] The statement in question was a statement of fact rather than opinion and was a spontaneous utterance made immediately after the accident. *State v. Vaccaro*, 111 R.I. 59, 62-63, 298 A.2d 788, 790 (1973); *see O'Brien v. M&P Theatres Corp.*, 71 R.I. 339, 346, 45 A.2d 171, 175 (1946). As such it qualified under the res gestae exception to the hear-

---

[2]Mr. Lacy testified that the woman, who helped Mrs. Lacy right after her fall, had said,

> "I knew that would happen. I told the girl not to stack all those [items] on one side."

and that she knew an accident would occur because a "new girl" had piled all the clothes on one side of the rack, and it was not balanced." Neither party asked this salesperson when on the stand if she had made such statements.

say rule, and there was no abuse of discretion in its admission.

Lastly the defendant claims error in denial of its motion for a new trial on the basis of a compromised jury verdict and/or improper final argument by the plaintiffs' counsel. While Mr. Lacy prayed for $6,700 for injury-related medical expenses, he was awarded only $3,200 by the jury verdict. Since evidence concerning the issue of medical expenses allowed for questions in the minds of the jurors, they were free, as was the trial justice in ruling on this motion, to accept all or part of the evidence presented to them and to arrive at their own formulation of Mr. Lacy's expenses in this area. No abuse of discretion has been shown in this denial of a new trial and we will not disturb it. *See Tomasso* v. *DeMello*, 118 R.I. 470, 374 A.2d 784, 786 (1977). Further, since it was not error for evidence on Mrs. Lacy's loss of earning capacity to be admitted, there is no rationale barring mention of this issue in her counsel's closing argument to the jury.[3] The trial justice did not err in denying a motion for a new trial on this or any other grounds, and we find no merit to the defendant's argument on this issue.

The appeal of the defendant is denied and dismissed, and the judgments appealed from are affirmed.

Mr. Justice Weisberger did not participate.

*John F. McBurney* for plaintiffs.

*Higgins, Cavanagh & Cooney, John T. Walsh, Jr,* for defendant.

---

[3]The trial justice's instructions on loss of earning capacity were as follows:

"Now, there is a claim made by the plaintiff of a loss of earning capacity. There is a difference between loss of earning capacity and loss of earnings. If you are working at the time time you are injured and you are out for two or three weeks, then you lost two or three weeks' pay. But, if as a consequence of the incident, you were not working but you lost the ability to perform certain services, that is, you are unable following the accident to use your arm or to perform some task which you have an ability to perform, then that is a loss of earning capacity."

The defendant did not make a motion to pass the case at any time.