388 A.2d 1172.

Jo Ann Turgeon v. Kenneth Daivs.

JULY 31, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J. This is a civil action brought in the Superior Court seeking damages for personal injuries and property damage allegedly resulting from a collision between an automobile operated by the plaintiff (Turgeon) and an automobile operated by the defendant (Davis). The plaintiff filed a complaint alleging negligence on the part of the defendant and the defendant filed a counterclaim alleging negligence by the plaintiff. The case was tried to a jury which in response to written interrogatories found that Davis was not guilty of any negligence, and that Turgeon was guilty of negligence. In accordance with those findings the jury returned a verdict for Davis in the amount of $765.75. The plaintiff then filed a motion for a new trial which was granted by the trial justice. The defendant now appeals from the granting of that motion.

It is undisputed that on January 4, 1974, at approximately 11 p.m. a collision occurred at the intersection of St. Paul Street and Great Road, Route 146A in the town of North Smithfield. Both operators were injured and testified that they were rendered unconscious by the impact and were both hospitalized briefly following the accident. There were no passengers in either vehicle. The weather was clear and cold and the roads were dry. Route 146A is a thoroughfare and all traffic on St. Paul Street is required to heed a stop sign before turning onto Route 146A.

Turgeon testified that she was driving in the northbound lane of Route 146A proceeding north towards Slatersville. She stated that she drove her vehicle over the crest of a hill which sloped and curved down to her right toward the St. Paul Street intersection. She said that she could not see the

intersection until she reached the bottom of the hill and that while traveling at about 35 miles per hour and when about 1,000 feet from the intersection she saw some lights coming out on the road. The plaintiff further stated that she did not know if defendant was trying to make a right-hand or a left-hand turn but she thought his car spun around until the lights were facing her in her lane. Turgeon also stated that she jammed on her brakes and remembers her car spinning and hitting Davis' car. She then lost consciousness.

Davis remembered nothing of how the accident occurred. He testified that he was driving on St. Paul Street intending to make a right turn onto Route 146A. The defendant stated that he was traveling at 20-25 miles per hour as he approached the stop sign. Davis was uncertan about whether or not he put on his blinker but stated that he stopped about five or six feet before the stop sign. He was able to recall nothing after that until he regained consciousness and saw red lights flashing. Davis could not recall any other traffic in the area before the collision and could not remember whether his automobile was stationary or moving at the time of the collision.

Otis Jolly testified that he was driving west on St. Paul Street about 50 feet to the rear of Davis when the collision occurred. He stated that he did not know if Davis' automobile stopped at the stop sign. He further testified that he saw plaintiff's car for an instant before the collision, and that he was fairly certain that plaintiff's car was coming down the hill traveling from north to south on Route 146A. He stated that he did not have a clear view of the accident because the defrosters on his car "[we]ren't that good" and that his windows "were fogged up." Mr. Jolly further testified that the point of impact was in the northbound lane of Route 146A, close to but just beyond the stop sign at the intersection of St. Paul Street. He also stated that the cars came to rest north of the point of impact and that both cars were facing north.

The only other witness was Richmond R. Martineau, an

off-duty North Smithfield police officer who did not witness the accident. He lent assistance at the scene and helped prepare a diagram showing the position of the cars after the accident. Damage to Turgeon's car was principally to the front end. The damage to Davis' car was mostly on the right side.

After hearing the testimony, the jury found Turgeon 100 percent negligent and returned a verdict for Davis in the amount of $765.75 for personal injuries and property damage. Judgment was thereafter entered for Davis and Turgeon filed her motion for a new trial. Davis has appealed to this court from the granting of plaintiff's motion for a new trial.

The defendant Davis asserts that the trial justice misconceived the law and the evidence and thus erred in granting plaintiff's motion for a new trial. The duties of a trial justice when ruling on a motion for a new trial are clearly defined. He must utilize his superior judgment by independently reviewing all material evidence, passing on the weight thereof, and determining the credibility of the witnesses. *Barbato* v. *Epstein,* 97 R.I. 191, 196 A.2d 836 (1964).

In considering a motion for a new trial, the trial justice can accept some or all of the evidence. He may reject testimony which is impeached or contradicted by other positive testimony or circumstantial evidence. He may also disregard testimony which contains inherent improbabilities or contradictions or which is totally at variance with undisputed physical facts or laws. He can also add to the evidence by drawing proper inferences. *Barbato* v. *Epstein, supra.* However, a trial justice should not substitute his conclusions for those of the jury and he should not disturb the jury's findings merely because he would have made a contrary finding on the same evidence.

If the evidence is such that reasonable minds might differ, the trial justice should sustain the jury's verdict. However, if his independent judgment tells him the verdict is wrong because it fails to respond truly to the merits and to administer substantial justice between the parties or is against the

fair preponderance of the evidence, he should set aside the jury's verdict and order a new trial. *Goodman* v. *Employers' Liability Assurance Corp.*, 107 R.I. 451, 268 A.2d 285 (1970); *Barbato* v. *Epstein, supra.*

Generally, however, the determination of liability, while initially the jury's responsibility, may be interfered with by a trial justice on a motion for a new trial but only if after engaging in the evidence-sifting process described in *Barbato*, he concludes that the verdict fails to respond to the merits of the controversy and to administer substantial justice. *Petrella* v. *Izzo*, 117 R.I. 459, 367 A.2d 1078 (1977).

To meet these guidelines for the grant of a new trial, a trial justice need not exhaustively analyze the evidence or state all his conclusions on its weight or the witnesses' credibility. He should, however, at least sufficiently refer to what prompted his action to enable a reviewing court to ascertain whether his interference with the verdict was soundly premised or was instead based upon a misconception or oversight of material evidence or was otherwise clearly wrong. *Petrella* v. *Izzo, supra; Wood* v. *Paolino*, 112 R.I. 753, 315 A.2d 744 (1974).

Here the trial justice made a thorough summary of the material evidence and stated that he disbelieved Davis. He rejected the jury's findings and substituted his own conclusion that the overwhelming weight of evidence clearly indicated negligence on the part of Davis. He accepted the testimony of Turgeon and concluded that Turgeon was driving northbound on Route 146A at a prudent speed when Davis failed to obey the stop sign at the St. Paul Street intersection and drove into the northbound lane of Route 146A at a point where Turgeon was so close to the intersection that a collision was inevitable. He further concluded that Turgeon was entitled to assume that defendant or any other driver approaching Route 146A on St. Paul Street would observe and obey the stop sign and that the failure of the jury to so conclude was not in accordance with credible evidence. He concluded that Davis' negligence was responsible for the collision and

that the jury's verdict failed to do substantial justice between the parties.

The defendant alleges that the trial justice failed to follow the new trial guidelines set forth in *Barbato* v. *Epstein* in that he did not sufficiently refer to the reasons for his conclusions and that he did not set forth specifically the testimony he accepted and that he rejected.

It is well settled that where the testimony of two witnesses is conflicting and the trier of facts expressly accepts the testimony of one of the witnesses, he implicitly rejects that of the other. Moreover a trial justice may not be said to have overlooked testimony to which he did not refer if, by pointing to the conflicting testimony on which he relies, his rejection of the other is clearly indicated. *Flynn* v. *Pearce*, 106 R.I. 323, 259 A.2d 401 (1969); *DiMaio* v. *Del Sesto*, 102 R.I. 116, 228 A.2d 861 (1967).

It is clear that the trial justice accepted Turgeon's testimony that she was driving northbound, was confronted with defendant's car in the northbound lane of Route 146A, applied her brakes, but was unable to avoid the collision. By accepting this testimony he rejected witness Jolly's testimony that plaintiff was driving southbound. The trial justice has clearly followed the guidelines enunciated in *Barbato* v. *Epstein, supra.*

The defendant also alleges that the trial justice misapplied the "law of the case," when he stated that "[t]he whole burden is on the defendant to show that which I believe is within his knowledge." The defendant contends that, since a claim and a counterclaim were involved here, each party bore a burden of proof and that the comment by the trial justice indicated otherwise. It is apparent to us that this statement indicates only that the trial justice believed that defendant was not revealing all he knew and had failed to sustain the burden of proof required on his counterclaim. The instructions of the trial justice to the jury on the question of burden of proof clearly indicates the burden of proof

required of each party. The trial justice's statement does not constitute a misstatement of law but was merely an inadvertent statement by him. *See Tomasso* v. *DeMello,* 118 R.I. 470, 374 A.2d 784 (1977).

The defendant also suggests that the trial justice misconceived the evidence when he referred to defendant's amnesia in his decision. It is true as stated by defendant that there is no evidence in the record that defendant suffered from amnesia nor does amnesia have the characteristics as stated by the trial justice. In order to prevail on this argument, defendant must convince us that the trial justice misconceived material evidence on a *controlling issue* and not merely that he misconceived evidence. *Puccio* v. *Diamond Hill Ski Area, Inc.,* 120 R.I. 28, 385 A.2d 650 (1978); *Grenier* v. *Royal Cab, Inc.,* 117 R.I. 475, 368 A.2d 1232 (1977).

It is apparant to us that defendant's memory loss, improperly characterized as amnesia, had little to do with the factual issues in the case which were the point of impact, the direction plaintiff's car was traveling, the location of the damages on each car and the points at which the cars came to rest. Material evidence as to the damages and to the position of the cars after the impact was undisputed. The evidence relating to the direction plaintiff's car was traveling and the point of impact was supplied by witnesses other than defendant. Therefore the findings of the trial justice were supported by Turgeon's testimony and physical evidence which had little or nothing to do with whether defendant's loss of memory was characterized as amnesia.

We have carefully reviewed and analyzed the testimony that the defendant claims to have been either misconceived or overlooked by the trial justice and are of the opinion that there is no merit to the defendant's contentions in this regard. Having neither overlooked nor misconceived material evidence on a controlling issue, the findings of the trial justice are entitled to great weight and in our judgment not being clearly wrong, we will not disturb his decision.

The defendant's appeal is denied and dismissed, the order granting a new trial is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Zimmerman, Roszkowski & Brenner, Joseph J. Roszkowski, Richard E. Kyte, Jr.*, for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Netti C. Vogel*, for defendant.