[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court are the following post judgment motions made by Gilbert Paul (hereinafter the "defendant") in the above-entitled action. The defendant has timely moved this Court for a new trial or, in the alternative, for a remittitur pursuant to R.C.P. 59. Additionally, pursuant to R.C.P. 59(e), the defendant has moved the Court to amend the judgment of November 7, 1990. The plaintiff, Susan Makalinaw (hereinafter the "plaintiff") has objected to all of the defendant's post-judgment motions.
This medical malpractice action was heard before the Court sitting with a jury. The jury found the defendant negligent and awarded damages in the amount of $210,000. With respect to damages, the plaintiff introduced evidence of approximately $12,000 representing loss of earning capacity and approximately $500 for medical expenses that were not covered by outside insurance. The balance, representing the bulk of the award, is attributed to pain and suffering. To this award, the clerk of the court added interest at the rate of 12% in the amount of $453,600 resulting in a total award of $663,000.
In ruling on a motion for a new trial, the trial justice must exercise his or her independent judgment in considering all of the material evidence in the case in the light of his or her charge to the jury and pass on its weight and the credibility of the witnesses. Juchnik v. Betters, 471 A.2d 222 (R.I. 1984). The trial justice should sustain the verdict if the evidence is such that reasonable minds might differ. Turgeon v. Davis,120 R.I. 586, 388 A.2d 1172 (1978). However, the trial justice should set aside the verdict if this same evidence reveals the verdict is wrong because ". . . it fails to respond truly to the merits and to administer substantial justice between the parties or is against the fair preponderance of the evidence. . . ." Id.
After hearing and considering the evidence presented at trial, this Court denies defendant's motion for a new trial. The defendant argues that the bulk of the award representing pain and suffering was based upon sympathy, compassion, and prejudice rather than upon evidence in the case. This Court disagrees, as it has found much competent and credible evidence to sustain the jury's verdict both as to its finding of negligence and as to its damage award. This Court has found credible the plaintiff's testimony that she suffered facial pain from 1972 through 1986 (except for the brief period after her 1978 surgery) as well as the medical testimony attributing plaintiff's facial pain to odontogenic myxoma which was not properly diagnosed or properly treated by the defendant doctor. Plaintiff's testimony was compelling, candid and, if anything, notably restrained and understated. The jury responded in kind with a reasonable, perhaps somewhat conservative, verdict. The Court has also considered the numerous medical reports and records received into evidence supporting plaintiff's testimony. A vivid scenario of this plaintiff's long, frustrating and sometimes tortuous medical route, all of it emanating from defendant's malpractice, was presented quite clearly to jury and Court. This Court finds the jury's verdict and award to be soundly based on the abundant, credible evidence in the case.
The defendant's alternate motion for a remittitur is also denied. A trial justice may grant a motion for a remittitur when in passing upon the evidence of damages, he or she ". . . finds that the award is grossly in excess of an amount adequate to compensate the plaintiff for the wrong done." Zarella v.Robinson, 460 A.2d 415, 418 (R.I. 1983) (Quoting Mouchon v.Erikson's, Inc. R.I., 448 A.2d 776, 779 (1982); Yammerino v.Cranston Tennis Club Inc., 416 A.2d 698, 700 (1980); Wood v.Paolino, 112 R.I. 753, 755, 315 A.2d 744, 745 (1974). On a motion for a new trial, the trial judge may disregard a jury's award for pain and suffering ". . . only if it shocks the conscience or clearly demonstrates that the jury was influenced by passion or prejudice, or that it proceeded upon a clearly erroneous basis in arriving at its award." Wood v. Paolino, 112 R.I. at 757, 315 A.2d at 746.
After considering all the evidence before it, this Court is satisfied that the jury's award of $210,000. responds to the facts and circumstances of this case. The plaintiff has presented ample evidence of her many years of varying degrees of pain, discomfort, frustration and anguish. Finally, the plaintiff's testimony as well as the medical records evidence plaintiff's permanent facial numbness. Confronted with plaintiff's testimony, the medical evidence, and the testimony of Doctor Harrison and Doctor Ryan, the Court does not find the plaintiff's homemaker and/or business activities during this period to refute the substantial evidence of her suffering facial pain, often extreme, during this same period. Accordingly, the jury award does not shock the conscience of the Court. Rather, as previously stated, the Court finds the award extremely reasonable, perhaps conservative, and certainly not excessive under the circumstances. The defendant's alternative motion for a remittitur is hereby denied.
The defendant also moves this Court to amend the judgment of November 7, 1990 pursuant to R.C.P. 59(e). The defendant relies on R.I.G.L. 1956 (1985 Reenactment, as amended) § 9-21-10, which provides in pertinent part:
 In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein.
The defendant here argues that if 1972, allegedly the year from which prejudgment interest was computed, were the date the instant cause of action accrued, the statute of limitations would have passed at the time the plaintiff filed the complaint in 1986. Further relying on Castrignano v. E.R. Squibb Sons,Inc., 900 F.2d 455, 463 (1st Cir. 1990), the defendant argues that prejudgment interest should begin ". . . to run when the action accrued for purposes of the statute of limitations."
With respect to the statute of limitations for malpractice actions, R.I.G.L. 1956 (1985 Reenactment, as amended) § 9-1-14.1
applies. Section 9-1-14.1 in pertinent part provides that a medical malpractice action
. . . shall be commenced within (3) years from the time of the occurrence of the incident which gave rise to the action; providing, however, that: . . . (b) in respect to those injuries or damages . . . . which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of malpractice should, in the exercise of reasonable diligence, have been discovered.
The defendant contends that the evidence in the record is that December, 1984 is the time the plaintiff first learned of the cyst material in her jaw, but in 1986, plaintiff first learned that she had not previously been informed that her 1972 x-ray report indicated benign cystic disease. Citing Grady v. Grady,504 A.2d 444 (R.I. 1986), defendant argues that as the evidence here does not reveal when the plaintiff knew or should have known there was malpractice, the court clerk should not impose any prejudgment interest.
The defendant's reliance on Grady is misplaced, however.Grady involved a contract calling for payments to be made during a twelve month period but which was ambiguous regarding when these payments were due and payable. The Grady court refused to impose any prejudgment interest pursuant to § 9-21-10, holding that it was impossible from the contract and the record to determine the date of breach and thus the date the cause of action accrued. Alternatively, in the instant matter, the evidence before this Court is that the plaintiff first learned of the cyst material in the back of her jaw in December of 1984, within three years of which date plaintiff timely filed her complaint. (This complaint was later amended in 1987 to include the allegations pertaining to the defendant's 1982 failure to inform the plaintiff that she had a cyst which had been earlier indicated by a 1972 x-ray.) Plaintiff then learned in her lawyer's office in 1986 that the 1972 x-ray report indicated benign cystic disease. It is clear from the evidence before this Court that the plaintiff learned of the malpractice in 1986 but could have, in the exercise of reasonable diligence, discovered this malpractice in December of 1984 when she learned that the cyst material was back in her jaw. Consequently, this Court finds that December of 1984 constitutes the first date from which the plaintiff was entitled to seek judicial relief and thus the date from which the cause of action begins to accrue.
Section 9-21-10 mandates that prejudgment interest shall be calculated from ". . . the date the cause of action accrued," not when the damages actually occurred. Cardi Corp. v. State,561 A.2d 384 (R.I. 1989). This Court finds December, 1984, the time the plaintiff could have, with reasonable diligence, discovered the malpractice, to be the time this malpractice action accrued per § 9-1-14.1. Accordingly, the defendant's motion to amend judgment pursuant to R.C.P. 59(e) is granted with respect to the incorrect calculation of prejudgment interest commencing before 1984. However, the Court denies defendant's motion to amend judgment to reflect no prejudgment interest and instead orders that the clerk of the court recalculate the prejudgment interest to commence in December of 1984, the date this cause of action accrued with respect to the statute of limitations.
Finally, this Court finds to be without merit defendant's argument that § 9-21-10 prejudgment interest cannot be properly added to this judgment because the jury's general verdict does not indicate any breakdown of the defendant's negligence with an accompanying breakdown of the award. The Court is not dealing here with damages as compensation for an injury but interest added to a judgment. Interest added to a judgment ". . . is addressed to a general verdict by the court . . ." whereas interest as an element of damages ". . . is awarded by the jury as part of the verdict." Andrade v. State, 448 A.2d 1293 (R.I. 1989). As the Andrade court further held, ". . . since prejudgment interest is purely statutory and is peremptorily added to the verdict by the clerk of the court, it is not an element of damages." Id. at 1295. Additionally, defendant has waived his objection to this general verdict pursuant to R.C.P. 51(b) which provides that counsel ". . . [a]t the close of the evidence or such earlier time during the trial as the court reasonably directs . . . may file written requests that the court instruct the jury on the law as set forth in the requests . . ." Here the defendant failed to request jury instructions eliciting the jury's breakdown of negligence. As the defendant did not object to the trial justice' charge to the jury, her instructions become the law of the case. Kelly v. Kalian, 442 A.2d 890 (R.I. 1982).
Counsel shall prepare the appropriate order for entry.