[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff's motion for a new trial or, alternatively, an alteration or amendment of judgment pursuant to Super. Ct. R.C.P. 59. This motion follows a jury verdict for defendants.
In January 1986, the plaintiff, a prisoner at the Rhode Island Department of Corrections was participating in recreational activity when his eyeglasses were broken. Thereafter, the plaintiff filed a request to obtain new glasses. Dr. Iannuccilli examined the plaintiff's eyes on February 11, 1986. The plaintiff failed to receive a new pair of glasses until August. Consequently, the plaintiff, who is legally blind without glasses, alleges that he suffered from headaches, anxiety and emotional trauma resulting from this delay. Plaintiff, before the court pro se, contended at trial that this seven month deprivation of the requisite eyewear constituted cruel and unusual punishment or, at the very least, negligent behavior by defendants.
Subsequently, a verdict was returned by a jury for the defendants on the above issues. Plaintiff herein requests that this Court alter or amend the above judgment or grant him a new trial. As grounds for his motion, the plaintiff alleges that the judgment rendered by the jury was against the weight of the evidence, that the jury failed to apply the evidence to the law, and that the jury failed to follow the court's instructions in rendering its decision.
In ruling on a motion for a new trial, the trial justice should not substitute his or her conclusions for those of the jury nor disturb the jury's findings because he or she would have made a contrary finding. Turgeon v. Davis, 388 A.2d 1172, 1174 (R.I. 1978). The trial justice must pass on the weight and credibility of evidence and may give weight to those facets of evidence he concludes are credible, drawing therefrom all appropriate inferences. Fox v. Allstate Ins. Co., 425 A.2d 903, 907 (R.I. 1981). If the evidence is such that reasonable minds may differ, the trial justice should sustain the verdict.Turgeon at 1175. The verdict should be set aside only where it fails to respond to the merits, or is against the fair preponderance of the evidence. Id.
After hearing and considering the evidence presented at trial, this Court is satisfied that the jury considered the evidence and the instructions of the court in rendering its decision. The jury's determination that the defendant did not intentionally or negligently delay the plaintiff's request is supported by testimony of the health care administrator for the Department of Corrections, Brian Deery. He outlined the procedure routinely followed where eyewear is requested: the individual is examined and, if glasses are required, a request form is presented and signed by him. Further, it must be approved by Management Services and filled by the optician.
Mr. Deery further explained the facts as presented to him and the department, namely that for all the correspondence sent by plaintiff to authorities outside the prison system, he failed to adhere to the appropriate guidelines and regulations in obtaining his glasses. Mr. Deery, who was a credible witness, presented a scenario of events which, if accepted by the jury, would exonerate defendants of any liability.
This Court has found that a preponderance of the evidence supports the jury's finding that the defendant's behavior conformed to legally acceptable standards of conduct. The jury was not erroneous in finding for defendant.
Consequently, the motion for a new trial as well as the alternative motion to amend judgment is denied.
Counsel shall prepare an appropriate order for entry.