[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matters before the court are defendant's motion for a new trial pursuant to Super. Ct. R.C.P. 59 and plaintiff's motion for full assessment of interest on judgment pursuant to G.L. 1956 (1988 Reenactment) § 9-21-10. These motions follow a jury verdict for the plaintiffs in the sum of $265,000 for Barbara Morrocco, and $10,000 for her husband Daniel Morrocco.
In September, 1984, Barbara and Daniel Morrocco entered into a purchase and sales contract with Piccardi Construction for the construction of a dwelling located at Locust Glen Drive in Cranston. The home was completed and turned over to the Morroccos in early 1985. From the time they moved into the home, the Morroccos experienced problems with the property's water drainage. Water in the side yard apparently caused septic system and driveway flooding as well as the disintegration of a walkway and a set of concrete stairs. Mr. Piccardi was made aware of the problems and undertook repairs and several remedial measures. The most significant of these remedial measures was the installation of a swail to route water from the flooded side yard to side of the driveway and thence to a street drain. The attempts to cure the drainage problem were largely unsuccessful but it was discovered that the drainage problems were attributable to the fact that the lot was graded approximately two feet too low. Thus, water from surrounding properties was draining onto the Morrocco's lot.
On February 20, 1986, the Morrocco's driveway was coated with ice. On that morning, Mrs. Morrocco had a guest in the home, Sandra Stickel, who was pregnant. Fearing that Ms. Stickel might slip and fall on the icy driveway, Mrs. Morrocco undertook to escort her guest to her car. This was successfully accomplished. However, when Mrs. Morrocco was en route back to the house she fell on the ice herself and sustained serious injuries to her left knee and hip as well as to the left side of her face.
Finding that defendant's negligence was the proximate cause of Mrs. Morrocco's injuries and that she had not assumed the risk in treading upon the ice in her driveway, a jury returned a verdict for the plaintiffs on March 7, 1994. Defendant subsequently filed the instant motion for a new trial.
In ruling on a motion for a new trial, the trial justice should not substitute his or her conclusions for those of the jury nor disturb the jury's findings because he or she would have made a contrary finding. Turgeon v. Davis, 388 A.2d 1172, 1174 (R.I. 1978). Instead, it is the duty of the trial justice to consider all of the material evidence in the case in the light of his or her charge to the jury and giving weight to those facets of the evidence which he or she finds to be credible, draw therefrom all appropriate inference. Fox. v. Allstate Ins. Co.425 A.2d 903, 907 (R.I. 1981); Yammerino v. Cranston TennisClub, Inc., 416 A.2d 698, 699-700 (R.I. 1980); Barbato v.Epstein, 97 R.I. 191, 193-94, 196 A.2d 836, 837 (1964). Although the justice need not exhaustively review the evidence or state all of his or her conclusions as to the weight or credibility of the evidence offered at trial, the decision must be based upon a sound premise. Turgeon, 388 A.2d at 1175. The verdict should only be set aside where it fails to respond to the merits or where it is against the fair preponderance of the evidence. Id.
at 1175. If, however, the evidence is such that reasonable minds may differ, the trial judge should sustain the verdict. Id.
Defendant's first contention is that the jury's finding of negligence on the part of the defendant was not soundly supported by the facts adduced at trial. The court does not agree. Testimony was elicited from several sources, including the defendant, and two experts in landscaping, to indicate that there were serious and persistent water drainage problems on this property which were directly attributable to defendant's improper grading of the property. The jury certainly had before it sufficient evidence to find that this water drainage problem is what caused the accumulation of ice on the driveway on the morning of Mrs. Morrocco's injury. At the very least, the state of the evidence on the issue of negligence and proximate cause was such that reasonable minds could differ, and the court is thus bound by the Turgeon decision to sustain that portion of the jury's verdict.
Defendant next contends that the jury's conclusion that plaintiff did not assume the risk when she walked across the ice is not supported by the facts which were adduced at trial. The jury in this case was given the Rickey v. Boden/Drew v. Wall
instruction on the assumption of the risk doctrine. This instruction basically states that if the jury finds that plaintiff knew of the existence of a danger, appreciated its nature, and voluntarily exposed herself to it, then a verdict for the defendant must be returned. Rickey v. Boden, 421 A.2d 539, 543 (R.I. 1980); Drew v. Wall, 495 A.2d 229, 231 (R.I. 1985).
At trial, Mrs. Morrocco testified that the reason she set foot on the ice in the first place was that she knew the driveway was quite icy and slippery and was afraid that Ms. Stickel, might fall while en route to her car. Clearly then, Mrs. Morrocco knew that the ice was present and appreciated the nature of the danger it posed. There was no testimony from Mrs. Morrocco to indicate she had anything less than full knowledge of the existence of the ice and the danger it posed. Furthermore, there is no indication that Mrs. Morrocco's actions were in any way involuntary. Plaintiff has argued that Mrs. Morrocco lacked any reasonable alternatives to setting foot on the ice and was thus placed in her position of peril by the negligence of the defendant However, as defendant has argued, Mrs. Morrocco did have several alternatives available; she could have sanded or salted the walkway or laid down some other material to avoid slipping on the ice, or she could simply have stayed in the house. Although it was a kind and noble act on the part of Mrs. Morrocco to undertake to escort her guest to her car, nothing compelled her to set out across the ice that morning other than her own free will. She was certainly not placed in harm's way by the actions of the defendant as she had multiple alternatives to her chosen course of action. The court has previously rejected the plaintiff's contention that this was an emergency or "rescue" situation and will not consider it at this juncture.
Since it is clear that Mrs. Morrocco knew of and appreciated the nature of the danger posed by the ice on her driveway and that she voluntarily assumed the risk of falling upon it when she decided to escort Ms. Stickel to her car, the court finds it was against the "fair preponderance of the evidence" for the jury to decide that Mrs. Morrocco did not assume the risk of her injury on the morning of February 20, 1986.
For the aforementioned reasons, the defendant's motion for a new trial is granted. It is not, therefore, necessary for the court to rule on plaintiff's motion for full assessment of interest on the judgment.
It is so ordered.